# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| PAMELA WILLIAMS,<br><br>     Plaintiff,<br><br>v.<br><br>GYRUS ACMI, LP, et al.,<br><br>     Defendants. | Case No.  14-cv-00805-BLF<br><br>**ORDER GRANTING DEFENDANT OLYMPUS AMERICA, INC.'S MOTION TO DISMISS**<br><br>[Re:  ECF 17] |

This is an employment discrimination action brought by Plaintiff Pamela Williams, who alleges state law discrimination and retaliation claims, as well as a claim for wrongful discharge in violation of public policy, against two entities she contends employed her: Gyrus ACMI, LP ("Gyrus") and Olympus America, Inc. ("Olympus"). Before the Court is Olympus' Motion to Dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim. Olympus contends that Plaintiff has failed, where necessary, to exhaust her administrative remedies, and that Plaintiff's claims against it are time-barred due to the relevant statutes of limitations. Having reviewed the briefing and oral argument of the parties, as well as the relevant case law, the Court GRANTS Olympus' Motion to Dismiss in its entirety, but grants Plaintiff leave to amend to cure the deficiencies outlined in this Order.

## I.   BACKGROUND

Plaintiff is an African American woman over forty. She alleges in her First Amended Complaint ("FAC") that she "was a Territory Manager for GYRUS from May 2004 until her termination November 30, 2011." FAC ¶ 24. Gyrus specializes in medical device sales, and Plaintiff regularly achieved her sales quotas for the company. Ms. Williams states that, despite her performance, she was treated differently from her Caucasian colleagues under age forty. *See id.* at

¶¶ 27-30. Plaintiff alleges in her FAC that she was an employee of both Gyrus and Olympus, *id.* at ¶ 1, and that Olympus is a "successor interest" to Gyrus. *Id.* at ¶ 3.

Plaintiff states that, during her employment, she filed three complaints with the Department of Fair Employment and Housing ("DFEH") alleging discriminatory mistreatment: the first on October 15, 2009; the second on October 1, 2010; and the third on October 25, 2011. FAC ¶¶ 31, 35, 44. Plaintiff alleges various forms of retaliation against her with regard to the filing of these three complaints, *see, e.g.*, *id.* at ¶¶ 36, 39, 43, and alleges that on November 30, 2011, soon after filing her third DFEH complaint, she was terminated. *Id.* at ¶ 45.

Plaintiff pleads that following her termination, on January 31, 2012, she filed with the DFEH a fourth complaint, numbered E2001112-G, alleging that "Gyrus committed unlawful employment practices against her, in violation of the [Fair Employment and Housing Act ("FEHA")], within the preceding one year." FAC ¶ 18. On January 24, 2013, the DFEH filed a complaint in Santa Clara Superior Court against Gyrus, naming Plaintiff real party in interest.[1] Thereafter, on January 28, 2013, Plaintiff was issued a right-to-sue letter by the DFEH. Plaintiff filed her initial complaint in state court in this action, naming as Defendants Gyrus and Does 1-50, on January 21, 2014. Then, on February 4, 2014, Plaintiff filed the operative FAC, adding Olympus as a Defendant. On February 21, 2014, the action was removed to this district, and on April 17, 2014, it was reassigned to the undersigned.

Olympus moved to dismiss on April 1, 2014.[2] After Olympus moved to dismiss, Plaintiff "requested that the DFEH correct her [administrative] complaint" to add Olympus as a defendant employer, which DFEH did on June 20, 2014. *See* Opp. to Mot. to Dismiss at 6.

Following a stay, during which Plaintiff retained new counsel, Plaintiff filed her

---

[1] On April 2, 2013, Gyrus removed that action, *DFEH v. Gyrus ACMI, LP*, Case No. 13-cv-1454-BLF, to the Northern District. On May 12, 2014, the undersigned granted a stipulated dismissal of the action with prejudice. ECF 42.

[2] Defendant also filed with the Court a Motion to Strike, pursuant to Rule 12(f), *see* ECF 48, seeking to strike portions of the Declaration of Gabrielle Korte, which was filed concurrently with Plaintiff's Opposition to the Motion to Dismiss. As the Court indicated to the parties at oral argument, the Court will consider factual information newly included in Plaintiff's Opposition only for the limited purpose of determining whether to grant Plaintiff leave to amend on her claims. As such, Defendant's Motion to Strike is DENIED.

United States District Court
Northern District of California

1  Opposition to the Motion to Dismiss on August 14, 2014, ECF 46, to which Defendant timely

2  replied. ECF 47. The Court heard oral argument on September 4, 2014.

3  **II.     LEGAL STANDARD**

4  **A.     Rule 12(b)(6)**

5  A motion to dismiss under Rule 12(b)(6) concerns what facts a plaintiff must plead on the

6  face of her claim. Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must

7  include "a short and plain statement of the claim showing that the pleader is entitled to relief."

8  Any complaint that does not meet this requirement can be dismissed pursuant to Rule 12(b)(6). In

9  interpreting Rule 8(a)'s "short and plain statement" requirement, the Supreme Court has held that

10  a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl.*

11  *Corp. v. Twombly*, 550 U.S. 544, 570 (2007), which requires that "the plaintiff plead factual

12  content that allows the court to draw the reasonable inference that the defendant is liable for the

13  misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This standard does not ask a

14  plaintiff to plead facts that suggest she will probably prevail, but rather "it asks for more than a

15  sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks omitted).

16  The Court must "accept factual allegations in the complaint as true and construe the pleadings in

17  the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*,

18  519, F.3d 1025, 1031 (9th Cir. 2008). The Court is not, however, forced to "assume the truth of

19  legal conclusions merely because they are cast in the form of factual allegations." *Kane v.*

20  *Chobani, Inc.*, 973 F. Supp. 2d 1120, 1127 (N.D. Cal. 2014) (citing *Fayer v. Vaughn*, 649 F.3d

21  1061, 1064 (9th Cir. 2011)).

22  **B.     Leave to Amend**

23  Pursuant to Federal Rule of Civil Procedure 15(a), a court should grant leave to amend a

24  complaint "when justice so requires," because "the purpose of Rule 15 . . . [is] to facilitate

25  decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d

26  1122, 1127 (9th Cir. 2000) (en banc).

27  **C.     Request for Judicial Notice**

28  Olympus asks the Court to take judicial notice of Gyrus ACMI, LP's Certificate of Good

3

1   Standing, issued by the Secretary of the State of Minnesota. ECF 49. Plaintiff objects, stating that

2   it is unclear whether or not this is the same company that employed Plaintiff. ECF 50.

3       In general, a court should not look beyond the four corners of a complaint when ruling on a

4   motion to dismiss. *See, e.g.*, *Swartz v. KPMG, LLP*, 476 F.3d 756, 763 (9th Cir. 2007). Pursuant to

5   Federal Rule of Evidence 201, however, the Court is permitted to take judicial notice of

6   adjudicative facts "not subject to reasonable dispute," and "capable of accurate and ready

7   determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R.

8   Evid. 201(b); *see also Mack v. S. Bay Beer Distribs.*, 798 F.3d 1279, 1282 (9th Cir. 1986)

9   (permitting a court to take judicial notice of "matters of public record").

10       The Court GRANTS Defendant's Request for Judicial Notice, as the document in question

11   is a public record. *See id.* Plaintiff's objection is not to the document itself, but instead to the

12   inferences the Court could make regarding the document. The Court takes notice of the existence

13   of the Certificate of Good Standing, but finds that it is not relevant for the purpose of deciding the

14   instant Motion.

15   **III.    DISCUSSION**

16       **A.      Plaintiff's FEHA Claims**

17       Plaintiff's first through fourth causes of action are governed by California's FEHA, Gov't

18   Code § 12900 *et seq.* A party bringing FEHA claims must first exhaust the relevant administrative

19   remedy: this requires a Plaintiff to file a complaint with the DFEH, and thereafter receive a right-

20   to-sue letter, prior to filing a civil action. *Cole v. Antelope Valley Union High Sch. Dist.*, 47 Cal.

21   App. 4th 1505, 1515 (1996). A civil suit alleging FEHA violations must be filed within one year

22   of the receipt of the right-to-sue letter from the DFEH, Cal. Gov't Code § 12965(b), and, subject

23   to several exceptions, a plaintiff is barred from suing any defendant not named in the DFEH

24   complaint. Cal. Gov't Code § 12960(d); *see also Tapia v. Artistree, Inc.*, 2014 WL 3724074, at

25   *2-3 (C.D. Cal. July 25, 2014) (discussing two exceptions to this rule). Failure to exhaust one's

26   administrative remedies under FEHA is "a jurisdictional, not a procedural, defect." *Okoli v.*

27   *Lockheed Tech. Ops. Co.*, 36 Cal. App. 4th 1607, 1611 (1995).

28       Plaintiff must therefore plead that she has exhausted her administrative remedies as to

United States District Court
Northern District of California

1   Olympus, and, if she does so, also plead that her civil complaint filed against Olympus after

2   receipt of her right-to-sue notice is timely. Plaintiff has not done so.

3          First, Plaintiff did not name Olympus in the DFEH complaint from which her right-to-sue

4   issued – she instead only named Gyrus.[3] Second, Plaintiff received her right-to-sue letter from

5   DFEH on January 28, 2013. She did not name Olympus as a Defendant in this civil action until

6   February 4, 2014, more than one year later. "In the FEHA context, [courts] apply 'the familiar

7   rule' that a complaint may not be amended to add a previously unnamed defendant after the statute

8   of limitations has run." *Ortiz v. Sodexho, Inc.*, 2011 WL 3204842, at *5 (S.D. Cal. July 26, 2011)

9   (citing *McGhee Street Prods. v. WCAB*, 108 Cal. App. 4th 717, 722 (2003)).

10         For Plaintiff's FEHA claims to survive against Olympus, she must therefore plead around

11  the defects in exhaustion of her administrative remedies *and* the timeliness of her filing of the civil

12  action following the issuance of the right-to-sue letter. To do so, Plaintiff must first plead that an

13  exception applies here to the requirement that a defendant in a civil action first be named in the

14  DFEH complaint. If Plaintiff successfully shows that such an exception applies, she still must

15  either (1) plead that her untimely addition of Olympus as a Defendant in the FAC relates back

16  under Rule 15(c), or (2) plead facts to warrant equitable tolling of the statute of limitations.

17         *1.     Plaintiff Does Not Show an Exception to the Exhaustion Requirement*

18         Two exceptions exist to the requirement that a civil defendant be named in the DFEH

19  administrative complaint: the anticipation exception and the substantially identical parties

20  exception. The anticipation exception requires that the unnamed party had notice of the

21  administrative proceeding, and participated in said proceeding. *See Sosa v. Hiraoka*, 920 F.2d

22  1451, 1459 (9th Cir. 1990) (first applying the exception in the context of EEOC proceedings); *see*

23  *also Corkill v. Preferred Employers Grp., LLC*, 2011 WL 5975678, at *9 (S.D. Cal. Nov. 28,

24  2011) (extending the anticipation exception to DFEH proceedings). Here, though Plaintiff claims

25  that Olympus had notice of the DFEH proceeding, she has not produced any facts that show

26

27  _____

28  [3] Though Plaintiff later requested the DFEH amend her administrative complaint to add Olympus
    as a party, *see* Opp. to Mot. to Dismiss at 6, the DFEH did not issue a new right-to-sue notice after
    the amendment. *See* Reply at 2.

Olympus in any way *participated* in that proceeding.

The substantially identical parties exception seems to be slightly more plausible for Plaintiff, but she fails to show its applicability here. For this exception to apply, Plaintiff must show that the party not named in the DFEH complaint is "substantially identical" to the party named in the DFEH complaint, which courts have interpreted to mean the unnamed party "control[s] the operations of the named defendant." *Sosa*, 920 F.3d 1451, 1459-60; *see also Tapia*, 2014 WL 3724074, at *4-5 (holding that two businesses which shared "the same principal place of business, corporate directors and officers, payroll department, and California Agent for Service of Process" were not substantially identical for purposes of the exception). Plaintiff alleges that Olympus is a "successor interest" to Gyrus, *see* FAC ¶ 3, but does not allege sufficient facts that show that the companies are substantially identical.

As such, neither of the administrative exhaustion exceptions applies here.

> 2. *Even if Plaintiff Successfully Pled an Exception to the Exhaustion Requirement, She Has Not Pled Around the Untimeliness of Naming Olympus as a Defendant in the FAC*
>
> i. *Relation Back*

Under Federal Rule of Civil Procedure 15(c), an amendment to a pleading "relates back" to the date of the original pleading under certain circumstances. When the amendment to the pleading "changes the party or the naming of the party against whom a claim is asserted," Fed. R. Civ. P. 15(c)(1)(C), the amendment relates back if three criteria are satisfied: (1) the amendment asserts a claim or defense that arose out of the conduct set out in the original pleading; (2) the party to be brought in by amendment received notice of the action such that it will not be prejudiced in defending itself on the merits; and (3) the party to be brought in knew or should have known that the action would be brought against it, "but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(b)-(c); *see also Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 547 (2010).

Federal courts addressing relation back, however, "consider both federal and state law and employ whichever affords the 'more permissive' relation back standard." *Butler v. Nat'l Cmty.*

1 *Renaissance of California*, – F.3d – , 2014 WL 4473959, at *8 (9th Cir. 2014). The California

2 Code of Civil Procedure "does not authorize the addition of a party for the first time whom the

3 plaintiff failed to name in the first instance." *Kerr-McGee Chem. Corp. v. Superior Court*, 160

4 Cal. App. 3d 594, 596 (1984). Thus, in circumstances such as this, where a California plaintiff

5 adds a new defendant to her amended pleading, the federal standard is more permissive, and the

6 Court considers relation back under Rule 15's criteria.

7        Plaintiff has not met her burden under Rule 15(c). Specifically, Plaintiff fails to show that

8 Olympus knew or should have known that the action would be brought against it, but for a mistake

9 concerning Olympus' identity. Plaintiff's statements throughout her Opposition to the Motion to

10 Dismiss, including her contentions that Gyrus employees were also employed by Olympus, in fact

11 show that she was not ignorant of Olympus' identity prior to the filing of at least two of her DFEH

12 complaints. *See, e.g.*, Opp. to Mot. to Dismiss at 5 (noting that Plaintiff's May 3, 2011

13 employment agreement was signed by Teresa Gupton "[a]s a Representative of OCA," which

14 Plaintiff states stands for Olympus Corporation of America).

15        Plaintiff further argues that the DFEH's acceptance of her correction to the DFEH

16 complaint, adding Olympus as a defendant employer in that administrative action, means the

17 DFEH complaint "should be treated as if [Olympus] was named from the outset." *Id.* at 13. The

18 Ninth Circuit has held that this is simply not the law. In *Rodriguez v. Airborne Express*, 265 F.3d

19 890 (9th Cir. 2001), the circuit court rejected the idea that "mere acceptance of an amendment by

20 DFEH is conclusive that the amendment relates back." *Id.* at 898-99. Courts interpreting

21 *Rodriguez* have spoken even more forcefully. *See Ortiz*, 2011 WL 3204842, at *5 ("Plaintiff's

22 amended FEHA complaint, filed after the statute of limitations had run, had no legal effect.").

23 Additionally, Plaintiff only sought to amend her DFEH complaint after Olympus filed the instant

24 Motion. *See* Opp. to Mot. to Dismiss at 6. Thus, relation back does not save Plaintiff's untimely

25 FEHA claims.

26                          ii.    *Equitable Tolling*

27        Finally, Plaintiff argues that the facts of this case support equitable tolling of the statute of

28 limitations, and that the Court should toll the statute of limitations during the pendency of the

United States District Court
Northern District of California

7

United States District Court
Northern District of California

DFEH's lawsuit against Gyrus, which was dismissed on April 29, 2014. Plaintiff's argument employs a fundamental misreading of the equitable tolling doctrine, which permits a court to toll the statute of limitations when a Plaintiff, "possessing several legal remedies, reasonably and in good faith, pursues one designed to lessen the extent of [her] injuries or damage." *Addison v. State*, 578 F.2d 941, 943 (1978); *see also Butler v. Nat'l Cmty. Renaissance of California*, 2014 WL 4473959, at *10-11 (9th Cir. Sept. 12, 2014).

A statute of limitations may be tolled, in certain circumstances, while an aggrieved party diligently pursues her claims in an alternative forum. *See, e.g.*, *McDonald v. Antelope Valley Cmty. College Dist.*, 45 Cal. 4th 88, 110 (2008). This rule, however, does not extend so far as to toll the statute of limitations during the pendency of *a different lawsuit*, brought on Plaintiff's behalf as the real party in interest, against a completely different party. Equitable tolling exists to permit a plaintiff to pursue non-judicial remedies when such remedies are available, while not prejudicing said plaintiff from seeking judicial recourse if those remedies prove inadequate. *Cf. Addison*, 578 F.2d 941, 943-44. *McDonald* permits tolling of the statute of limitations when the alternative legal remedy and judicial remedy are brought against the same defendant, but Olympus was never a party to the DFEH's lawsuit. *See DFEH v. Gyrus ACMI, LP et al.*, Case No. 13-cv-1454-BLF (naming only Gyrus and Does 1-30 as defendants). The DFEH's lawsuit against Gyrus therefore cannot toll the statute of limitations against Olympus.

Plaintiff must show two things to save her FEHA claims against Olympus: that an exception applies that excuses her failure to name Olympus in the DFEH complaint, and, if such an exception applies, a reason why her untimely addition of Olympus as a Defendant in the FAC, after the statute of limitations elapsed, should be excused. She has done neither. As such, Plaintiff's first through fourth causes of action are DISMISSED, with leave to amend.

**B.     Plaintiff's Claim for Retaliation under the California Labor Code**

Plaintiff's fifth cause of action is for violation of § 1102.5 of the California Labor Code.[4]

---

[4] The Court notes that this cause of action went wholly un-briefed by the parties: neither Plaintiff nor Olympus cited § 1102.5, or cases interpreting § 1102.5, anywhere in their briefing, despite it clearly appearing on the face of Plaintiff's fifth cause of action.

United States District Court
Northern District of California

1    Much like claims under FEHA, claims under § 1102.5 require that a party exhaust administrative

2    remedies before filing suit with a court. *See Federico v. Overland Contracting, Inc.*, 2013 WL

3    5516187, at *18-19 (N.D. Cal. Oct. 4, 2013) (compiling cases from this district).  As the

4    California Supreme Court held in *Campbell v. Regents of Univ. of California*, 35 Cal. 4th 311, 321

5    (2005), "where an administrative remedy is provided by statute, relief must be sought from the

6    administrative body and this remedy exhausted before the courts will act." *See also MacDonald v.*

7    *State*, 219 Cal. App. 4th 67 (2013) (affirming a trial court order demanding plaintiff exhaust

8    administrative remedies prior to bringing suit under § 1102.5). California Labor Code § 98.7

9    outlines this administrative remedy. ("Any person who believes that he or she has been discharged

10   or otherwise discriminated against in violation of any law under the jurisdiction of the Labor

11   Commissioner may file a complaint with the division *within six months after the occurrence of the*

12   *violation*.") (emphasis added).

13       Plaintiff pleads no facts to show that she has exhausted her administrative remedies in a

14   manner consistent with § 98.7. As such, Plaintiff's fifth cause of action is DISMISSED, with leave

15   to amend to plead such exhaustion, if applicable.

16       **C.**    **Plaintiff's Wrongful Termination Claim**

17       Plaintiff's sixth cause of action is for wrongful discharge in violation of public policy, a

18   common law tort. Under California law, this claim is subject to a two-year statute of limitations.

19   *See, e.g.*, *Burrey v. Pac. Gas & Elec. Co.*, 159 F.3d 388, 395 (9th Cir. 1998); *DFEH v. Lucent*

20   *Techs.*, 2008 WL 1815799, at *1 (N.D. Cal. Apr. 22, 2008). The statute of limitations begins to

21   run on the date the plaintiff knows, or has reason to know, of the injury. *Elliott v. City of Union*

22   *City*, 25 F.3d 800, 801-02 (9th. Cir. 1994).

23       Plaintiff was terminated on November 30, 2011. FAC ¶ 45. She first named Olympus in

24   her FAC on February 4, 2014, over two years later. Her claim is therefore time-barred. As noted

25   above, the DFEH lawsuit does not toll the statute of limitations against Olympus. *See also*

26   *Villalvaso v.Odwalla, Inc.*, 2011 WL 1585604, at *8-9 (E.D. Cal. Apr. 25, 2011) ("California

27   Courts *do not extend equitable tolling* to permit a plaintiff to delay filing a common law tort

28   action.") (emphasis added).

1       The Court finds it exceedingly unlikely that Plaintiff can plead around this statute of

2   limitations problem. However, as the Court is granting Plaintiff leave to amend with regard to her

3   other claims, and as this is Plaintiff's first opportunity to amend in federal court, the Court finds it

4   prudent to grant Plaintiff the chance to amend this claim as well, if she is able.

5   **IV.   ORDER**

6       For the foregoing reasons, Plaintiff's claims against Olympus America, Inc. are

7   DISMISSED, with leave to amend.

8       **IT IS SO ORDERED.**

9   Dated: September 24, 2014

10

11   BETH LABSON FREEMAN
     United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28