United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| PAMELA WILLIAMS,<br>  Plaintiff,<br>  v.<br>GYRUS ACMI, LP, et al.,<br>  Defendants. | Case No.  14-cv-00805-BLF<br><br>**ORDER GRANTING IN PART AND DENYING IN PART OLYMPUS CORPORATION OF THE AMERICAS' MOTION TO DISMISS**<br>[Re: ECF 72] |

Plaintiff brings this employment suit alleging various causes of action, including race and age discrimination, against Gyrus ACMI, LP ("Gyrus") and Olympus Corporation of the Americas ("OCA"). OCA moves to dismiss Plaintiffs claims under the Fair Employment and Housing Act ("FEHA") because Plaintiff has failed to exhaust her administrative remedies and failed to file suit against OCA within the relevant statute of limitations. OCA further moves to dismiss Plaintiff's claims for (1) retaliation under California Labor Code §1102.5, (2) violations of the Equal Pay Act, and (3) intentional infliction of emotional distress ("IIED") pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]

The Court finds this motion appropriate for adjudication without oral argument, pursuant to Civil Local Rule 7-1(b). After reviewing the parties' briefing and the governing law, the Court GRANTS OCA's motion to dismiss as to Plaintiff's FEHA, Equal Pay Act, and IIED claims, and DENIES OCA's motion to dismiss as to Plaintiff's § 1102.5 retaliation claim.

---

[1] In her opposition, Plaintiff withdrew as to OCA her sixth cause of action for violations of the Equal Pay Act or her tenth cause of action for IIED. *See* Opp. at 18. The Court therefore GRANTS OCA's motion to dismiss those two causes of action, with prejudice.

## I. BACKGROUND

Plaintiff is an African American woman over the age of forty. In 2004, she was hired by Gyrus as a Territory Manager specializing in medical device sales. Despite regularly meeting her sales quotas, Plaintiff alleges that she was treated differently than her male Caucasian colleagues under the age of forty. *See* SAC ¶¶ 43-46.

Though Plaintiff was hired by Gyrus, she pleads that in 2008 Gyrus was "wholly acquired by OLYMPUS," SAC ¶ 4, and that OCA and Gyrus are "substantially identical parties," SAC ¶ 2, who "occupy[] the same corporate nerve center." SAC ¶ 8. She contends that on May 3, 2011, she was required to sign a document which stated that OCA, Gyrus, and a number of other related entities were collectively known as "Olympus," SAC ¶ 15 Exh. E, and that she was employed jointly by both OCA and Gyrus. *See, e.g.*, SAC ¶ 17.

During her employment, Plaintiff filed three complaints with the Department of Fair Employment and Housing ("DFEH") alleging discriminatory mistreatment: the first on October 15, 2009, alleging mistreatment based on her race, *see* SAC ¶ 50; the second on October 1, 2010, alleging mistreatment due to her age, race, and gender related to the reassignment of one of her accounts to a younger male Caucasian employee, as well as retaliation based on her first complaint, *see* SAC ¶ 54; and the third on October 25, 2011, alleging discrimination based on her age and race, and retaliation based on her two prior complaints, *see* SAC ¶ 67. On November 30, 2011, after this third DFEH complaint was filed, Plaintiff was terminated. SAC ¶ 68.

In December 2011, Plaintiff completed a pre-complaint questionnaire with the DFEH, and states that she "identified both Gyrus and Olympus as her employers." SAC ¶ 30. On January 31, 2012, she filed a DFEH complaint, number E2001112-G-0464.[2] This DFEH complaint names

---

[2] Plaintiff did not attach this DFEH complaint to her SAC. Defendant alleges that this was a strategic choice, because the document "doom[s] her complaint." *See* Mot. at 3 n.2. Plaintiff previously attached this DFEH complaint to her opposition to another Olympus entity's motion to dismiss. *See* DFEH Compl., ECF 46-2 at 43. The Court may judicially notice documents that are a part of the public record filed in a case before it when the document's "authenticity is not contested" and "the Plaintiff's complaint necessarily relies" on the document. *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001). Because Plaintiff herself submitted this document into the Court's public docket and does not challenge its authenticity, and because Plaintiff's allegations of exhaustion of her administrative remedies relies on her DFEH complaint, *see, e.g.*, SAC ¶ 31, the Court judicially notices the January 31, 2012 DFEH complaint.

Gyrus ACMI as the employer who discriminated against Plaintiff, and does not name any other entity, including OCA. *See* DFEH Compl., ECF 46-2 at 1. Despite this, Plaintiff contends that Olympus responded to the DFEH complaint through its employees and counsel. SAC ¶¶ 32-37.

The DFEH filed suit against Gyrus in Santa Clara Superior Court on January 24, 2013, naming Plaintiff as the real party in interest. Plaintiff states that the "DFEH mistakenly left out the names of the OLYMPUS entities" in this lawsuit, despite Ms. Williams requesting on August 17, 2013 that Olympus be added to the suit as a Defendant. *See* SAC ¶ 39; *id.* Exh. D.

On January 28, 2013, Plaintiff was issued a right-to-sue notice regarding her DFEH complaint against Gyrus. SAC ¶ 40. On January 21, 2014, Plaintiff filed suit against Gyrus and Doe Defendants in Santa Clara Superior Court. *See* ECF 1-1 Exh. A at 2. On February 4, 2014, Plaintiff amended her Complaint to name "Olympus America, Inc." as a Defendant. *See id.* Exh. B at 23. Gyrus removed to this Court, and on October 24, 2014, Plaintiff filed her SAC, which for the first time named OCA as a Defendant. OCA now moves to dismiss the first, second, third, and fourth causes of action under FEHA for failure to exhaust administrative remedies, as well as the fifth, sixth, and tenth causes of action for failure to state a claim.[3]

## II. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) concerns what facts a plaintiff must plead on the face of her complaint. Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Any complaint that does not meet this requirement can be dismissed pursuant to Rule 12(b)(6). A "short and plain statement" demands that a plaintiff plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), which requires that "the plaintiff plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662,

---

[3] Defendant moves to strike portions of the Declaration of Gabrielle Korte submitted in support of Plaintiff's opposition, as well as factual allegations contained within Plaintiff's opposition. *See* ECF 76. The Court will only consider any new factual information contained within the opposition, or submitted in the Korte Declaration, for the limited purpose of determining whether to grant Plaintiff leave to amend her claims. For this reason, Defendant's motion to strike is DENIED.

3

678 (2009). The Court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519, F.3d 1025, 1031 (9th Cir. 2008). The Court, however, "need not accept as true allegations contradicted by judicially noticeable facts," nor "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Kane v. Chobani, Inc.*, 973 F. Supp. 2d 1120, 1127 (N.D. Cal. 2014) (citing *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam)).

### III.  DISCUSSION

#### A.  Plaintiff's FEHA Claims

The Court has already adjudicated a motion to dismiss regarding Plaintiff's failure to exhaust administrative remedies on behalf of another Olympus Defendant, Olympus America, Inc. *See* ECF 54. After reviewing the governing law, the Court stated:

> Plaintiff did not name Olympus in the DFEH complaint from which her right-to-sue issued – she instead only named Gyrus. [] Plaintiff received her right-to-sue letter from DFEH on January 28, 2013. She did not name Olympus as a Defendant in this civil action until February 4, 2014, more than one year later. "In the FEHA context, [courts] apply 'the familiar rule' that a complaint may not be amended to add a previously unnamed defendant after the statute of limitations has run." *Ortiz v. Sodexho, Inc.*, 2011 WL 3204842, at *5 (S.D. Cal. July 26, 2011) (citing *McGhee Street Prods. v. WCAB*, 108 Cal. App. 4th 717, 722 (2003)).
>
> For Plaintiff's FEHA claims to survive against Olympus, she must therefore plead around the defects in exhaustion of her administrative remedies and the timeliness of her filing of the civil action following the issuance of the right-to-sue letter.

Dismissal Order, ECF 54 at 5.

The Court's prior ruling remains true here, though the motion is brought by a different Defendant. Plaintiff did not name OCA in the DFEH complaint from which her right-to-sue notice issued, she named only Gyrus. Therefore, she must show two things: (1) that one of the exceptions to exhaustion applies *and* (2) that the untimeliness of her naming OCA in the civil complaint should be excused. The Court considers Plaintiff's arguments on these grounds below, and ultimately finds them unpersuasive.

### 1. Exceptions to Exhaustion

There are two exceptions to the requirement that a civil FEHA Defendant be named in the DFEH administrative complaint: the anticipation exception and the substantially identical parties exception. Plaintiff contends that both apply here.

The anticipation exception requires that the unnamed party "had notice of the EEOC conciliation efforts and participated in the EEOC proceedings." *Corkill v. Preferred Employers Grp., LLC*, 2011 WL 5975678, at *8 (S.D. Cal. Nov. 28, 2011) (citing *Sosa v. Hiraoka*, 920 F.2d 1451, 1459 (9th Cir. 1990)). Plaintiff argues in her opposition that "OCA had notice of plaintiff's claims and participated in the DFEH proceedings." Opp. at 11, *see also* SAC ¶ 2 ("Defendants . . . had notice of this action from the inception of filing DFEH administrative claims."). Plaintiff contends that OCA received notice of the DFEH complaint for four reasons: (1) the headquarters and service agent addresses are identical for Gyrus and OCA, *see* SAC ¶ 9; (2) the DFEH contacted an Olympus employee, Brett Last, in its investigation, *see* SAC ¶ 32; (3) Plaintiff's former counsel mailed a demand letter to Olympus President Hiroyuki Sasa setting forth her claims in great detail, *see* SAC ¶ 2 Exh. A; and (4) "defense counsel for OCA [] sent multiple letters to the DFEH stating that it was responding on behalf of both Gyrus and Olympus." Opp. at 6-7; *see also* SAC ¶¶ 9, 34-36.

Critically, none of the actions Plaintiff points to show that OCA itself participated in any way in the EEOC proceedings, which is fatal to her attempt to invoke the anticipation exception. That an employee of OCA was *contacted by* the DFEH does not show that OCA itself participated in any manner in the EEOC proceeding. *Cf. Tapia v. Artistree, Inc.*, 2014 WL 3724074, at *4 (C.D. Cal. July 25, 2014). Further, Plaintiff's characterization of defense counsel's letters to DFEH is inaccurate: in those three letters, defense counsel requests an extension to respond to the DFEH complaint. In these letters, defense counsel references "respondent Gyrus ACMI/Olympus," but nowhere mentions OCA, a wholly different entity. *See, e.g.*, ECF 56-3 Exh. C at 1-3. Plaintiff herself pleads that the various Olympus entities, including Gyrus, refer to themselves collectively as "Olympus." SAC ¶ 15. Plaintiff has pled the existence of at least four businesses that include "Olympus" in their title, *id.*, and provides no evidence or argument as to

why the Court should find that these particular references to Olympus actually mean OCA. Thus, the letters do not show that OCA, as a corporate entity, participated in the EEOC proceeding.

Plaintiff relies heavily on *Corkill* in support of her argument, but the facts there were quite different. In *Corkill*, after the defendant Preferred Employers Group ("PEG") – which was erroneously named in the DFEH Complaint as Preferred Employers Insurance Company ("PEIC") – received notice of the DFEH charge, its counsel sent the DFEH an eight-page letter directly responding to the allegations and which stated that "PEG is the proper respondent in Plaintiff's matter and [PEIC] was erroneously named in the complaint." *Corkill*, 2011 WL 5975678 at *9. The court found that this substantive response from the proper entity stating that it should have been named as the defendant in the DFEH Complaint sufficed to show PEG's notice and participation. *Id.* Here, in contrast, Plaintiff has not shown such participation on the part of OCA, and therefore cannot meet the anticipation exception.

The second exception, that the entities are substantially identical parties, also does not apply here. To invoke this exception, Plaintiff must show that Gyrus is the "principal or agent of the unnamed party, or [that] they are substantially identical parties." *Sosa*, 920 F.2d at 1459. In *Sosa*, the court found that two entities were substantially identical because the unnamed entity "controlled the operations of the named defendant" in the DFEH complaint. *Id.* at 1459-60. In *Tapia*, the district court found that two companies that shared "the same principal place of business, corporate directors and officers, payroll department, and California Agent for Service of Process" were not substantially identical because the plaintiff did not allege that the parties were principals or agents of one another or that the unnamed party "serve[d] in a capacity of direct control over the operations of" the named party. *Tapia*, 2014 WL 3724074 at *5.

Plaintiff first argues that the parties share the same corporate nerve center, SAC ¶ 8, which *Tapia* held insufficient for purposes of the exception. *See id.* Plaintiff then points to a letter written by Gyrus' Treasurer, Nobuhiko Washizuka, to the Tennessee Secretary of State. *See* SAC ¶ 7 Exh. B. She contends that this letter shows that OCA directly controlled Gyrus ACMI L.P.'s operations, because it states that Gyrus is entirely under the control of OCA. But the letter does not say this. Instead, the letter states that Gyrus ACMI, *Inc.* (Gyrus ACMI, L.P.'s "limited partner and parent

6

1    company") and Gyrus ACMI, *LLC* are "under common control by their parent corporation,

2    Olympus Corporation of the Americas." *Id.* At best, this document intimates that Gyrus ACMI

3    L.P.'s *parent* company is under the control of OCA, which is insufficient to show that Gyrus

4    ACMI L.P. is also under the direct control of OCA, such that OCA "controls the operations of"

5    Gyrus ACMI L.P to a degree that rendered the companies identical. *Cf. Tapia* at *5.

6    Because neither exception to FEHA's exhaustion requirement applies in this case, Plaintiff

7    cannot now bring a civil suit against OCA when it was not named in the DFEH Complaint.

### 2.    Timeliness

Though Plaintiff's failure to show an exception to the exhaustion requirement dooms her FEHA claims against OCA, the untimeliness with which she named OCA in her civil suit also serves as an independent reason to grant Defendant's motion to dismiss.

A civil suit alleging FEHA violations must be filed within one year of the receipt of the right-to-sue letter from the DFEH. *See* Cal. Gov't Code §12965(b). It is undisputed that Plaintiff failed to add OCA as a Defendant in this action until nearly two years after receipt of the right-to-sue letter. *See* Mot. at 7; *see generally* SAC. "In the context of the Fair Employment and Housing Act, . . . the failure to exhaust an administrative remedy is a jurisdictional, not a procedural, defect." *Okoli v. Lockheed Tech. Ops. Co.*, 36 Cal. App. 4th 1607, 1611 (1995). Despite this, courts have held that the "administrative time limits prescribed by FEHA are treated as equivalent to statutes of limitations and are subject to equitable doctrines such as waiver, estoppel, and tolling." *Rodriguez v. Airborne Express*, 265 F.3d 890, 899 (9th Cir. 2001).

Plaintiff makes several arguments in an attempt to excuse her untimely adding of OCA as a Defendant beyond FEHA's one-year limit, which the Court considers below.

First, Plaintiff claims that the Court should equitably toll the period for which she failed to name OCA because the SAC "pled sufficient facts to [s]how that OCA had notice [of the suit] and would not be unfairly prejudiced [by the tolling]." Opp. at 12. Equitable tolling permits a court to toll a statute of limitations when a Plaintiff, "possessing several legal remedies, reasonably and in good faith, pursues one designed to lessen the extent of [her] injuries or damage." *Butler v. Nat'l Cmty. Renaissance of Calif.*, 766 F.3d 1191, 1204 (9th Cir. 2014). In her opposition, Plaintiff does

1  not identify the alternative legal remedy she pursued against OCA that would suffice for equitable

2  tolling. *See* Opp. at 12-13. As it noted in its prior Order granting Olympus America, Inc.'s motion

3  to dismiss, any attempt to toll the statute of limitations based on the DFEH's suit on Plaintiff's

4  behalf as real party in interest fails based on a "fundamental misreading of the equitable tolling

5  doctrine" because Plaintiff has not pointed to a proceeding brought to vindicate her rights in an

6  alternative forum, but rather pointed to a different case brought in this very district. *See* Order,

7  ECF 54 at 7-8. Further, equitable tolling is permitted only when the judicial remedy and

8  alternative legal remedy are brought against the same defendant. *See McDonald v. Antelope Valley*

9  *Cmty. Coll. Dist.*, 45 Cal. 4th 88, 110 (2008). Because Plaintiff fails to identify a legal remedy she

10  pursued *against OCA* that would suffice, she cannot toll the statute of limitations against it.

11        Second, Plaintiff argues that Federal Rule of Civil Procedure 15(c) regarding relation back

12  does not apply in this case, and instead that California's rules regarding the substitution of parties

13  for Doe Defendants should apply because the suit was originally filed in state court. *See* Opp. at

14  13-14. This argument fails, for two reasons. First, California Code of Civil Procedure 474, which

15  governs Doe Defendants, allows a Plaintiff to name a Doe Defendant "[w]hen the plaintiff is

16  ignorant of the name of a defendant . . . and when his true name is discovered, the pleading or

17  proceeding must be amended accordingly." Here, Plaintiff was not ignorant of the existence of

18  OCA, including during the pendency of the one year statute of limitations period: as but one

19  example, she sent a letter to DFEH on August 17, 2013 requesting that OCA be added as a party to

20  the original DFEH action. *See* ECF 56-4 Exh. C. Second, permitting such a Doe amendment in a

21  FEHA action would eviscerate the administrative exhaustion requirements of the statute.[4] *Cf., e.g.*,

22  *Ortiz* at *5.

23        Plaintiff has failed to show that her untimely addition of OCA as a Defendant should be

---

[4] Plaintiff's amendment would also fail under Rule 15(c) because Plaintiff has failed to show that OCA "received notice of the action such that it would not be prejudiced in defending itself on the merits" and "should have known that the action would be brought against it *but for a mistake concerning the proper party's identity*." Fed. R. Civ. P. 15(c) (emphasis added); *see also Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 547 (2010). Plaintiff has not shown that she failed to name OCA within the one-year limitation period because of a mistake of identity: as referenced above, on August 17, 2013 she requested that the DFEH name OCA in its action brought on her behalf against Gyrus. *See* ECF 56-4 Exh. C.

excused through equitable tolling or relation back, and therefore *even if* one of the two exceptions to FEHA's exhaustion rule applied – which they do not – she would nonetheless still be unable to bring suit against OCA because her addition of OCA as a Defendant was untimely. Plaintiff also cannot show, nor has she attempted to show, that OCA and Gyrus ACMI, LP are alter egos of each other: the Washizuka letter to the Tennessee Secretary of State shows only a parent-subsidiary relationship between these two entities, *see* SAC Exh. B, and Plaintiff has never attempted to plead the "unity of interest" necessary to allege alter ego. *See Doe v. Unocal*, 248 F.3d 915, 926 (9th Cir. 2001). Plaintiff in fact pleads in her SAC that many different corporations under the Olympus umbrella collectively utilize the "Olympus" name and brand. *See* SAC ¶ 15; *see also* SAC Exh. E at 1-3. This collective branding of multiple companies as "Olympus" does not render those companies substantially identical for the purpose of FEHA exhaustion.

Plaintiff's first, second, third, and fourth causes of action, brought under FEHA, must therefore be dismissed as to OCA. The Court finds that further amendment would be futile because OCA was not named in the DFEH complaint and Plaintiff has now had multiple opportunities to plead around this failure with regard to Olympus entities. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc). Plaintiff's FEHA causes of action against OCA are therefore dismissed with prejudice.

### B. Plaintiff's Retaliation Claim

Plaintiff's fifth cause of action contends that OCA retaliated against her in violation of California Labor Code § 1102.5. To state a prima facie case under Section 1102.5, a plaintiff must plead three things: (1) that she engaged in protected activity, (2) that her employer subjected her to an adverse employment action, and (3) that there is a causal link between the two. *See, e.g.*, *Dowell v. Contra Costa Cnty.*, 928 F. Supp. 2d 1137, 1154 (N.D. Cal. 2013). Defendant moves to dismiss this cause of action on the ground that Plaintiff has not sufficiently plead that OCA is her employer. *See* Mot. at 13.

Defendant's argument is unpersuasive. Plaintiff pleads facts in her SAC that allege that OCA and Gyrus were her joint employers, in contrast to Defendant's argument that Plaintiff only pled a "formulaic recitations of various corporate structures." Mot. at 9. Specifically, and

sufficiently for purposes of surviving a motion to dismiss, Plaintiff pleads that the human resources director and vice-president of sales *at OCA* were the individuals who terminated her employment, and that "[a]ll of the individuals involved in making decisions regarding Ms. William's (sic) employment and termination are/were employees of OCA." SAC ¶ 17; *see also* SAC ¶¶ 51, 56 (pleading that "Olympus' Director of Human Resources" responded to her internal complaints); SAC ¶ 57 (pleading that she received her "final written warning" disciplinary notice from an Olympus employee). Defendant argues that "Plaintiff's bald assertions that particular individuals [] are/were Olympus employees are factually inaccurate and must be disregarded." Mot. at 10. Plainly, this argument conflates the *Twombly* and *Iqbal* motion to dismiss standards with an inquiry more appropriately handled through a motion for summary judgment. Plaintiff has pled sufficient facts in her SAC to allege that OCA was her employer, and Defendant's motion to dismiss her Section 1102.5 retaliation claim must therefore be denied.

### IV. ORDER

In its prior order on Defendant Olympus America, Inc.'s motion to dismiss, the Court stated that:

> Plaintiff must show two things to save her FEHA claims against Olympus: that an exception applies that excuses her failure to name Olympus in the DFEH complaint, and, if such an exception applies, a reason why her untimely addition of Olympus as a Defendant . . . after the statute of limitations elapsed [] should be excused.

Dismissal Order, ECF 54 at 8.

Plaintiff has done neither. Plaintiff failed to adequately exhaust her FEHA claims against OCA, and has not shown that either of the exceptions to exhaustion apply in this instance. She further has not shown an adequate legal excuse for her untimely addition of OCA as a Defendant in this action with regard to her FEHA claims. As such those causes of action must be dismissed. She has, however, sufficiently pled that OCA was her employer for purposes of her Section 1102.5 retaliation claim, which survives the motion to dismiss.

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's first, second, third, and fourth causes of action for violations of FEHA are DISMISSED as to OCA, with prejudice.

10

United States District Court
Northern District of California

2. Defendant's motion to dismiss Plaintiff's fifth cause of action is DENIED.

3. Plaintiff's sixth and tenth causes of action are DISMISSED, with prejudice, because Plaintiff has withdrawn them as to OCA.

4. Defendant's motion to strike is DENIED.

**IT IS SO ORDERED.**

Dated: May 18, 2015

_____
BETH LABSON FREEMAN
United States District Judge