1  Your name: PAMELA WILLIAMS
2  Address: 909 Marina Village Pkwy, # 292
3  Alameda, CA 94501
4  Phone Number: (510) 220-5189
5  E-mail Address: Pam.Williams1001@gmail.com
6  Pro Se

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PAMELA WILLIAMS | Case Number: 14-cv-00805BLF |
| | OPPOSITION TO MOTION |
| | to Withdraw as Attorney |
| Plaintiff(s), | |
| vs. | |
| Gyrus ACMI, L.P., Olympus | DATE: June 16, 2016 |
| Corporation of the Americas | TIME: 9:00 a.m. |
| | COURTROOM: 3, 5th Floor |
| | JUDGE: Hon. Beth Labson Freeman |
| Defendant(s). | |

*[Before completing the memorandum, read the Pro Se Handbook, Chapter 11. The memorandum should include a statement of facts and an argument section. You can also include an introduction.]*

FILED
JUN 10 2016
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

## I. STATEMENT OF FACTS

*[Give a brief statement of the facts that are relevant to this opposition.]*

Plaintiff wishes to clarify the circumstances that led to this motion.

Daniel Feder, Plaintiff's former Attorney, stipulated to dismiss Plaintiff's former employer, Olympus Corporation of the Americas. Plaintiff objected to the stipulation, and Mr. Feder withdrew from Plaintiff's case. Additionally, Lori Costanzo, the Attorney Plaintiff retained after Mr. Feder, and Plaintiff had differences of opinion regarding the strategy on how the litigation should proceed against Gyrus ACMI, L.P. When Plaintiff's discovery started, Ms Costanzo withdrew. Mr. Stephen Ilg was retained because he gave Plaintiff 100 percent assurances that he would aggressively pursue and prove that Gyrus ACMI,L.P. does not exist and was not the Gyrus that employed Plaintiff. Mr. Ilg did not keep his word.Furthermore, Steven Ilg, significantly breached the Attorney-Client privilege and disclosed protected Attorney-Client documents to Defendants. One day after Defendants confirmed that Mr. Ilg was aware of his actions, he notified Plaintiff of his intention to withdraw. Exhibit A. Due to Mr. Ilg's exposure of privileged communications, Defendants has now seen confidential information regarding Plaintiff's entire case. This breach is irreparable and has potentially harmed the outcome of Plaintiff's case. Moreover, it is likely that Plaintiff will have a difficult time finding another Attorney given the enormous amount of work it will take to recall and re-produce all non-privileged documents to Defendants. Plaintiff can also provide further information about the breakdown of communications between Plaintiff and Mr. Ilg. In support of this request, Plaintiff can provide copies of the privileged documents that were disclosed to Defendants for the Court in camera review. Plaintiff requests a 30 day stay to retain Counsel, specifically so Plaintiff can identify an Attorney that can defend her deposition. Plaintiff will promptly reschedule the deposition once Counsel is retained. If no Counsel is retained after the 30 day period, Plaintiff will promptly reschedule the deposition and proceed pro se.

OPPOSITION TO MOTION to Withdraw as Attorney
CASE NO. 14-cv-00805BLF                    ; PAGE 2 OF 3   *[JDC TEMPLATE]*

III. CONCLUSION

Based on the foregoing, I request that the Court deny the Motion.

*[Check your judge's rules about how long this document can be. In general, it cannot be longer than twenty-five pages of writing, but your judge may have a different rule.]*

Respectfully submitted,

Date: June 9, 2016        Signature: *Pam Williams*

Printed name: Pamela Williams
Pro Se

*[All parties who are joining in this opposition must sign, date, and print their names here. Attach another page if you need to.]*

OPPOSITION TO MOTION to Withdraw as Attorney
CASE NO. 14-cv-00805BLF                    ; PAGE 3 OF 3   *[JDC TEMPLATE]*

# Exhibit A



Direct Dial: (949) 450-4471

May 5, 2016

Via Facsimile and Certified Mail Return-Receipt

Stephen Noel Ilg, Esq.
ILG Legal Office
555 California Street
Suite 4925
San Francisco, CA 94104

Re:   Williams v. Gyrus ACMI, LP et al.
      U.S.D.C. Case No. 5:14-cv-00805 BLF

Dear Mr. Ilg:

I have had an opportunity to review much of Plaintiff's 2300+ page production and write to meet and confer regarding a few issues.

First, on many pages, it appears that Plaintiff (and/or you) has redacted certain information. For example, in multiple places on PAMWIL-000000050-52, 774, and 836 the text "[Quoted text hidden]" appears.[1] It is clear that something has been redacted, and this is improper. Please reproduce all documents in which Plaintiff has redacted information, with the information unredacted. If Plaintiff claims any sort of privilege, Plaintiff must specify what privilege she claims and the reason for the redaction (to permit Gyrus ACMI, LP to determine if a redaction is proper). As you may recall, Plaintiff *only* objected to Gyrus' Requests for Production of Documents *generally* by stating that she would withhold any documents "protected by legally recognized privilege." As my prior correspondence addressed, this objection is improper under the Rules and provides Plaintiff no basis for withholding documents or redacting information.

---

[1] Dozens of additional pages in Plaintiff's production suffer from the same issue; however, given that Plaintiff produced 2300+ pages in an unorganized and often duplicative fashion, it would be a Herculean undertaking to identify each and every improper redaction.

349231

Stephen Noel Ilg, Esq.
May 5, 2016
Page 2

Second, Plaintiff produced many incomplete documents. For example, PAMWIL000000620 is an email, which appears to be three pages in length. Plaintiff has only produced the first page. Please produce all the complete documents to the extent that they are in Plaintiff's possession, custody or control.

Third, Plaintiff produced emails or documents that identify attachments; however, no attachments have been provided (or, if they have, it is indecipherable in the form that Plaintiff produced her documents). *See, e.g.,* PAMWIL000000059 and 620.

Fourth, Plaintiff produced dozens of blank pages. Please confirm that these pages have been intentionally left blank and that (a) no text has been redacted and (b) these blank pages do not supplant other pages that Plaintiff may be withholding.

Fifth, during our conversation on April 21st, you indicated that Plaintiff would be producing potentially privileged documents, and that you believed there was no harm in doing so as any such document explained and/or supported Plaintiff's claims. Today during our brief conversation, you confirmed that you reviewed the production. I am writing to confirm that you are aware that Plaintiff has produced documents that may otherwise be protected by the attorney-client privilege and/or attorney work product doctrine. If this is *not* the case, please let me know immediately.

Best regards,

*Kymberleigh Damron-Hsiao*

Kymberleigh Damron-Hsiao
of Kading Briggs LLP

349231