1  Your name: PAMELA WILLIAMS

2  Address:    909 Marina Village Pkwy, # 292

3              Alameda, CA 94501

4  Phone Number: (510) 220-5189

5  E-mail Address: Pam.Williams1001@gmail.com

FILED

JUN 13 2016

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELA WILLIAMS | Case Number: 14-CV-00805BLF |
| Plaintiff(s), | **DECLARATION OF** *[name]* |
| vs. | PAMELA WILLIAMS |
| GYRUS ACMI, L.P., OLYMPUS CORPORATION OF THE AMERICAS | **IN SUPPORT OF OPPOSITION TO WITHDRAW AS ATTORNEY** |
| Defendant(s). | |

I, *[name]* PAMELA WILLIAMS declare as follows:

*[In the first paragraph, explain who you are and how you are connected to the party or events relevant to the lawsuit. If you are the Plaintiff or Defendant, say so here. If you are a witness, say how you are involved.]*

1. I am  the Plaintiff

---

DECLARATION OF __Pamela_Williams_____ IN SUPPORT OF
Opposition to Motion to Withdraw as Attorney_____
CASE NO. 14-cv-00805BLF_____; PAGE 1___ OF __3_ *[JDC TEMPLATE Rev.2015]*

2. I have personal knowledge of all facts stated in this declaration, and if called to testify, I could and would testify competently thereto.

*[Write each fact in a separate paragraph. You may only write about facts or occurrences that you have personal knowledge of or that you personally witnessed. Explain how you know each fact. If you have documents that support your argument, you may attach them to this declaration. Using a separate paragraph and separate exhibit letter for each document. Explain what the document is and how you know what it is. Example: "3. Attached as Exhibit A is a copy of a letter that I received from [name] on [date] [by mail]."]*

3. Attached as Exhibit A is a copy of a letter from Ms. Kymberleigh Damron-Hsiao of Kading Briggs, LLP, attorney for Defendants, dated May 5th, 2016 to Mr. Stephen Ilg, Ilg Legal Office, and attorney for Plaintiff, that I received via email on May 7th, 2016.

4. _____

_____

_____

5. _____

_____

_____

6. _____

_____

_____

7. _____

_____

_____

8. _____

_____

_____

9. _____

_____

_____

DECLARATION OF __Pamela_Williams_____ IN SUPPORT OF Opposition to Motion to Withdraw as Attorney_____
CASE NO. 14-cv-00805BLF_____; PAGE 2___ OF __3_ [*JDC TEMPLATE Rev.2015*]

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16   I declare under penalty of perjury under the laws of the United States that the foregoing is
17   true and correct and that this declaration was executed on *[date]* June 10, 2016            .
18
19   Signature: *Pam Williams*
20   Printed name: Pamela Williams
21                    Address: 909 Marina Village Pkwy, # 292
22                    Alameda, CA            94501
23   Phone Number:      (510) 220-5189
24
25
26
27
28

DECLARATION OF __Pamela_Williams_____ IN SUPPORT OF
Opposition to Motion to Withdraw as Attorney_____
CASE NO. 14-cv-00805BLF_____; PAGE 3____ OF __3_ [*JDC TEMPLATE Rev.2015*]

# Exhibit A



KADING / BRIGGS
LLP

Direct Dial: (949) 450-4471

May 5, 2016

<u>Via Facsimile and Certified Mail Return-Receipt</u>

Stephen Noel Ilg, Esq.
ILG Legal Office
555 California Street
Suite 4925
San Francisco, CA 94104

Re: Williams v. Gyrus ACMI, LP et al.
    <u>U.S.D.C. Case No. 5:14-cv-00805 BLF</u>

Dear Mr. Ilg:

I have had an opportunity to review much of Plaintiff's 2300+ page production and write to meet and confer regarding a few issues.

First, on many pages, it appears that Plaintiff (and/or you) has redacted certain information. For example, in multiple places on PAMWIL-000000050-52, 774, and 836 the text "[Quoted text hidden]" appears.[1] It is clear that something has been redacted, and this is improper. Please reproduce all documents in which Plaintiff has redacted information, with the information unredacted. If Plaintiff claims any sort of privilege, Plaintiff must specify what privilege she claims and the reason for the redaction (to permit Gyrus ACMI, LP to determine if a redaction is proper). As you may recall, Plaintiff *only* objected to Gyrus' Requests for Production of Documents *generally* by stating that she would withhold any documents "protected by legally recognized privilege." As my prior correspondence addressed, this objection is improper under the Rules and provides Plaintiff no basis for withholding documents or redacting information.

---

[1] Dozens of additional pages in Plaintiff's production suffer from the same issue; however, given that Plaintiff produced 2300+ pages in an unorganized and often duplicative fashion, it would be a Herculean undertaking to identify each and every improper redaction.

349231

Stephen Noel Ilg, Esq.
May 5, 2016
Page 2

Second, Plaintiff produced many incomplete documents. For example, PAMWIL000000620 is an email, which appears to be three pages in length. Plaintiff has only produced the first page. Please produce all the complete documents to the extent that they are in Plaintiff's possession, custody or control.

Third, Plaintiff produced emails or documents that identify attachments; however, no attachments have been provided (or, if they have, it is indecipherable in the form that Plaintiff produced her documents). *See, e.g.*, PAMWIL000000059 and 620.

Fourth, Plaintiff produced dozens of blank pages. Please confirm that these pages have been intentionally left blank and that (a) no text has been redacted and (b) these blank pages do not supplant other pages that Plaintiff may be withholding.

Fifth, during our conversation on April 21st, you indicated that Plaintiff would be producing potentially privileged documents, and that you believed there was no harm in doing so as any such document explained and/or supported Plaintiff's claims. Today during our brief conversation, you confirmed that you reviewed the production. I am writing to confirm that you are aware that Plaintiff has produced documents that may otherwise be protected by the attorney-client privilege and/or attorney work product doctrine. If this is *not* the case, please let me know immediately.

Best regards,

*Kymberleigh Damron-Hsiao*

Kymberleigh Damron-Hsiao
of Kading Briggs LLP

349231