UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PAMELA WILLIAMS,<br><br>    Plaintiff,<br><br>    v.<br><br>GYRUS ACMI, LP, et al.,<br><br>    Defendants. | Case No. 5:14-cv-00805-BLF (HRL)<br><br>**ORDER RE PLAINTIFF'S DISCOVERY DISPUTE REPORT NO. 1**<br><br>Re: Dkt. No. 138 |

On September 9, plaintiff Pamela Williams filed a "Discovery Dispute Joint Report #1." In it, she seeks an order quashing or modifying several non-party subpoenas served by defendants on the ground that the subpoenas call for "the disclosure of privileged or protected matter." (Dkt. 138 at 1). She also asks the court to continue certain depositions, noticed for September 15 and 16, for two weeks because she will be out of town and wants to attend those examinations.

The court denies the requested relief for the following reasons:

Plaintiff's discovery report was not filed in compliance with the undersigned's Standing Order re Civil Discovery Disputes. Plaintiff says only that the parties spoke by phone, whereas the Standing Order requires comprehensive meet-and-confer efforts including, if necessary, in-person discussions. Also, the report plaintiff filed is not a "joint" one, but apparently was unilaterally prepared and filed by plaintiff without defendants' input. There is no statement as to defendants' position on the issues or each party's final and most reasonable proposal as to how the

court should decide.

Additionally, on the record presented, the court is unprepared to quash or modify the subpoenas because plaintiff has not substantiated her claim that they seek information that is privileged or otherwise protected from discovery. Nor has she identified the claimed privilege or protection, much less the bases for any such claims.

Finally, with respect to scheduling, the court notes that the discovery cutoff remains set for October 14, 2016. The scheduling of depositions depends not only on the availability of the parties, but also on the availability of the subpoenaed witnesses. Accordingly, this court declines to continue the depositions in question solely to accommodate plaintiff's schedule. Nevertheless, the court notes that for non-party witnesses, "a party must also meet and confer about scheduling, but may do so after serving the nonparty witness with a subpoena." Civ. L.R. 30-1. To the extent they have not yet done so, the parties and witnesses are directed to meet-and-confer for the purpose of identifying deposition dates, within the time remaining before the October 14, 2016 discovery cutoff, that are mutually available to the parties and the subpoenaed witnesses.

SO ORDERED.

Dated:   September 14, 2016

HOWARD R. LLOYD
United States Magistrate Judge

5:14-cv-00805-BLF Notice has been electronically mailed to:

Glenn Lansing Briggs    gbriggs@kadingbriggs.com, vbeechler@kadingbriggs.com

Kymberleigh Damron-Hsiao    kdh@kadingbriggs.com, mrogers@kadingbriggs.com, vbeechler@kadingbriggs.com

Pamela Williams    Pam.Williams1001@gmail.com

5:14-cv-00805-BLF Notice sent by U.S. Mail on 9/14/2016 to:

Pamela Williams
909 Marina Village Pkwy, #292
Alameda, CA 94501