UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PAMELA WILLIAMS,<br><br>    Plaintiff,<br><br>    v.<br><br>GYRUS ACMI, LP, et al.,<br><br>    Defendants. | Case No. 14-cv-00805-BLF<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO CHANGE TIME AND EXTEND CLOSE OF FACT DISCOVERY**<br><br>[Re: ECF 153] |

Now before the Court is Plaintiff Pamela Williams' motion to change time and extend the fact discovery deadline in this case. For the reasons set forth below, Williams' motion is GRANTED IN PART and DENIED IN PART.

On October 14, 2016, the date fact discovery was set to close (*see* ECF 135), Plaintiff filed the instant motion to extend the close of fact discovery. Mot., ECF 153. Specifically, Williams asks the Court to extend the deadline to November 15, 2016, to allow her to take depositions of six witnesses. First, Plaintiff seeks to depose Brett Last, the former Director of Human Resources for Olympus Corporation of the Americas ("Olympus"). *Id.* at 2. Williams contends that Mr. Last is a "key witness," *id.*, and "the most influential individual responsible for Plaintiff's loss of employment." Reply ISO Mot. 2, ECF 184. Second, Plaintiff seeks to depose Randy Clark and Brian Cusak, the individuals Plaintiff claims are "directly responsible" for her loss of employment. Mot. 2. Finally, Williams seeks to depose three witnesses identified by Defendants: Dr. Andrew Murr, Dr. Gordon Epstein, and Dr. Charles Meltzer, each of whom allegedly made complaints about Plaintiff.[1] *Id.*

---

[1] Plaintiff contends that she timely served deposition notices prior to the fact discovery deadline, but as of the time the motion was filed, "none have been confirmed." Mot. 2.

Defendants Gyrus Acmi, LP ("Gyrus") and Olympus ask the Court to deny Williams motion because she was not diligent in seeking to complete discovery within the permissible timeframe, and thus has not shown good cause as required by Federal Rule of Civil Procedure 16.[2] Opp'n 1, ECF 170.  Defendants also argue that the Court should deny Plaintiff's motion because she cannot comply with Federal Rule of Civil Procedure 30, which requires that Plaintiff provide "reasonable notice" to the witnesses, and because granting the motion would prejudice Defendants.  *Id.*

Under Rule 16, scheduling orders "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).  Pretrial scheduling orders may be modified if the dates scheduled "cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  The focus of the good cause inquiry is "on the moving party's reasons for seeking modification.  If that party was not diligent, the inquiry should end." *Id.*  "[C]entering the good cause analysis on the moving party's diligence prevents parties from profiting from carelessness, unreasonability, or gamesmanship, while also not punishing parties for circumstances outside their control." *In re Cathode Ray Tube (CRT) Antitrust Litig.*, No. C-07-5944, 2014 WL 4954634, at *2 (N.D. Cal. Oct. 1, 2014) (citing *Orozco v. Midland Credit Mgmt. Inc.*, No. 12-cv-02585, 2013 WL 3941318, at *3 (E.D. Cal. July 30, 2013)).

This case was first filed in January 2014.  ECF 1.  Since that time, Plaintiff has served twenty sets of written discovery on Defendants, but has not served any subpoenas or notices for depositions.  Opp'n 2.  Discovery in this case proceeded until July 8, 2016, when the Court granted a stay through August 31, 2016, and extended fact discovery through October 14, 2016.  ECF 134, 135.  The day the stay lifted, Plaintiff asked Defendants to stipulate to a 60-day extension of the fact-discovery cutoff.  Ex. A to Damron-Hsiao Decl., ECF 170-1.  Defendants responded, asking for further clarification, at which point Plaintiff first indicated that she wanted to depose Mr. Last and other witnesses that she would soon identify.  Opp'n 3.  On September 17,

---

[2] The Court construes Defendants' reference to Rule 6(b) on page 3 of their opposition to be a typographical error that intended to refer to Rule 16(b).

Williams identified seven witnesses she wanted to depose, including Mr. Last, but stated that she might add to that list. Ex. C to Damron-Hsiao Decl., ECF 170-1. Because Plaintiff did not address all of Defendants' concerns, they declined to stipulate to an extension. Opp'n 3.

Plaintiff did not raise the issue of depositions again until September 27, 2016, when she again indicated to Defendants that she wanted to depose Mr. Last and Mr. Clark. *Id.* The next day, Defendants informed Williams of their locations, and requested potential dates for the depositions. Ex. E to Damron-Hsiao Decl., ECF 170-1. Williams did not respond to Defendants' request for additional information and did not serve any subpoenas or notices of depositions. *Id.* Instead, she filed this motion two weeks later. Plaintiff offers no explanation for her delay in identifying witnesses to depose or her failure to serve notices of depositions. She also offers no explanation for her delay in filing this motion until the date set for fact discovery to close. *See* Reply ISO Mot.

Based on these facts, which Plaintiff does not contest, the Court finds that Plaintiffs' motion does not adequately support diligence as to any of her desired deponents. Williams had more than two years to conduct discovery, but chose not to notice any depositions. Moreover, there is no claim that these individuals were unknown to Williams before the close of discovery. However, in recognition of Plaintiff's pro se status and because Plaintiff has proclaimed Mr. Last the most important witness, the Court will GRANT Plaintiff's motion in part, and allow her to take the deposition of Mr. Last on or before December 1, 2016.[3] Because the Court presumes the witness will act in good faith, no further continuance of the deadline for fact discovery will be granted, even if Mr. Last is unavailable—inability to schedule the deposition will be considered to be due to Plaintiff's lack of diligence. Plaintiff must arrange for the deposition of Mr. Last, who resides in Pennsylvania, to occur in person, remotely, over the phone, Skype, or another method agreeable to both parties and Mr. Last. The deposition shall be no more than 7 hours, conducted

---

[3] Plaintiff requested an extension of discovery until only November 15, 2016, Mot. 1. Because the briefing on this motion completed November 4, 2016, and because granting the motion until only November 15 would be a pyrrhic victory, the Court will grant the extension as to Mr. Last through December 1, 2016. Accordingly, the Court need not address Defendants' argument with respect to compliance with Fed. R. Civ. P. 30.

3

on one day only.  Further, the Court expresses no opinion on whether Plaintiff must subpoena Mr. Last to ensure his participation.  Finally, to eliminate any potential prejudice to Defendants, to the extent the transcript of the deposition is not available prior to the filing deadline for Defendants' motion for summary judgment, the Court will allow Defendants to discuss the deposition and provide related evidence in their reply brief.

The Court DENIES Plaintiff's motion as to the remainder of the identified witnesses.

**IT IS SO ORDERED.**

Dated: November 9, 2016

_____
BETH LABSON FREEMAN
United States District Judge