UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PAMELA WILLIAMS,<br><br>    Plaintiff,<br><br>    v.<br><br>GYRUS ACMI, LP, et al.,<br><br>    Defendants. | Case No. 14-cv-00805-BLF<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR TERMINATING AND MONETARY SANCTIONS**<br><br>[Re: ECF 148] |

Now pending before the Court is Defendants' Gyrus ACMI, LP ("Gyrus") and Olympus Corporation of the Americas ("Olympus") (collectively, "Defendants") motion for terminating and monetary sanctions for the failure of Plaintiff Pamela Williams to appear for her deposition. Mot., ECF 148. After carefully considering the pleadings and the evidence submitted by the parties, and having had the benefit of oral argument on November 15, 2016, the Court GRANTS IN PART Defendants' motion for monetary sanctions and DENIES Defendants' motion for terminating sanctions.

**I. BACKGROUND**

On September 1, 2016, after a Court-imposed stay was lifted on August 31, 2016, and after Defendants had attempted to obtain Plaintiff's deposition for nearly a year,[1] Defendants noticed Plaintiff's deposition for September 22, 2016. Ex. P to Mot., ECF 148-1. The next day, Defendants requested to meet with Williams for an in-person meet and confer meeting. Ex. Q to Mot., ECF 148-1. Plaintiff agreed to meet on September 12, 2016. Mot. 4; Ex. R to Mot., ECF 148-1. Defendants' counsel flew to Oakland to meet with Williams, who agreed to make herself

---

[1] Defendants have noticed Plaintiff's deposition on six occasions. Mot. 1.

available for deposition on September 23, 2016. Mot. 4–5. After the in-person meeting, Defendants noticed Plaintiffs' deposition for September 23, 2016. Mot. 5; Ex. S to Mot., ECF 148-1. The day before the deposition was scheduled to begin, however, Williams informed Defendants' counsel that she did not intend to appear because she was "in negotiations with new counsel." Mot. 1. In response, Defendants informed Plaintiff of their intention to pursue all remedies available under the law. *Id.*

Through the motion now before the Court, Defendants seek terminating sanctions and monetary sanctions for $6,757.88 to reimburse Defendants for the expenses they have incurred. *Id.* at 2. Specifically, Defendants seek monetary sanctions for the following expenses: (1) the non-refundable cost of two hotel rooms at the Marriot in Downtown Oakland ($687.52) for September 22, 2016; (2) four hours of attorney time incurred in preparing for deposition ($1,400); (3) the costs associated with defense counsel flying to Oakland to meet and confer with Plaintiff regarding a deposition date ($1,870.36, comprised of airfare and four hours of attorney time); and (4) a portion of the time spent bringing this motion for sanctions ($2,800). Mot. 10; Damron-Hsiao Decl. ¶¶ 31–34, ECF 148-1.

The Court held a case management conference ("CMC") on October 24, 2016, to discuss Defendants' motion for terminating and monetary sanctions, among other pending motions. ECF 163. At the CMC, the Court determined that Williams should be allowed the opportunity to cure the circumstances leading to the motion for terminating sanctions. Thus, the Court required the parties to propose a mutually acceptable date for Williams' deposition. Upon that agreement, the Court memorialized that date in a court order requiring Williams to appear on November 3, 2016 for her deposition. ECF 165. At the November 15, 2016, hearing, the parties advised the Court that Williams had fully complied with the order. Based upon her compliance, in opposition to Defendants' motion, Williams argues that the Court should not grant Defendants' motion. Opp'n 3, ECF 167. In reply, Defendants contend that sanctions remain appropriate because Plaintiff could not cure the prejudice Defendants have suffered by now sitting for her deposition. Reply ISO Mot. 1, ECF 171. Regardless, and at a minimum, Defendants ask the Court to award monetary sanctions to reimburse them for the attorney's fees and out-of-pocket expenses incurred

2

because of Plaintiff's non-appearance at her deposition. *Id.* at 3.

## II. LEGAL STANDARD

Under Rule 37(d) of the Federal Rules of Civil Procedure, if a party fails to appear at her deposition, the court may impose any of the sanctions authorized under Fed. R. Civ. P. 37(b)(2)(A), (B), and (C). In lieu of, or in addition to, those sanctions, the court shall require the party failing to appear to pay the reasonable expenses (including attorney's fees) caused by the failure, unless it concludes that the failure was substantially justified or that other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(d). The Court may award monetary sanctions against the non-appearing party even when the failure to appear was negligent rather than willful. *Lew v. Kona Hosp.*, 754 F.2d 1420, 1426 (9th Cir. 1985). Sanctions for failure to appear at a deposition may be imposed even absent a prior court order. *See Henry v. Gill Indus., Inc.*, 983 F.2d 943, 947 (9th Cir. 1993) (repeated cancellations at the last minute constitute a failure to appear).

Circumstances must "overcome the strong policy favoring disposition of cases on their merits" to justify terminating sanctions. *U.S. for Use & Ben. of Wiltec Guam, Inc. v. Kahaluu Constr. Co., Inc.*, 857 F.2d 600, 605 (9th Cir. 1988). In addition, the "harsh sanction" of dismissal, even for "a party's repeated failure to appear for deposition," is only proper when the failure "is due to the willfulness, bad faith, or fault of the party." *Stars' Desert Inn Hotel & Country Club, Inc. v. Hwang*, 105 F.3d 521, 525 (9th Cir. 1997). The Court must also consider: "(1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its dockets, (3) the risk of prejudice to the party seeking sanctions, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions." *Hyde & Drath v. Baker*, 24 F.3d 1162, 1166 (9th Cir. 1994) (citing *Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990)).

## III. DISCUSSION

Here, there is no indication that Williams' failure to attend her deposition was due to willfulness or bad faith. Although her failure was within her own control, the Court must consider her *pro se* status and the fact that the case upon which Defendants rely is distinguishable and

1  demonstrates that dismissal is not warranted.  In the case cited, *Henry v. Gill Indus., Inc.*, 983 F.2d
2  943 (9th Cir. 1993), the plaintiff willfully violated court orders to appear for deposition.  *Id.* at 949
3  (holding that dismissal was a proper sanction where plaintiff refused for eight months to be
4  deposed, previous sanctions failed, and plaintiff otherwise thwarted discovery).  In contrast, this
5  Court has not previously sanctioned Plaintiff for discovery violations and, aside from her failure to
6  appear at her deposition, there is no evidence that Williams has otherwise obstructed discovery.  A
7  terminating sanction is especially unjustified given that Williams did appear for her deposition on
8  November 3, 2016.  *See, e.g.*, *Baker v. Ace Advertisers' Serv., Inc.*, 153 F.R.D. 38, 40 (S.D.N.Y.
9  1992) (holding that courts may afford special solicitude to pro se litigants when considering the
10 imposition of sanctions).

11        Monetary sanctions, however, are warranted.  *See Curt-Allen: Of the Family Byron v.
12 Lovick*, No. C10-0609, 2010 WL 3122822, at *2 (W.D. Wash. Aug. 9, 2010) ("When faced with
13 litigation abuses by a *pro se* party, a court 'cannot . . . decline to impose a sanction where a
14 violation has arguably occurred, simply because plaintiff is proceeding *pro se*.'" (citation
15 omitted)).  Defendants noticed Plaintiff's deposition five times before bringing this motion, and
16 were only able to secure her compliance after bringing this motion and a court order.  Moreover,
17 Williams canceled her September 23, 2016, deposition with only 24 hours' notice with no
18 substantial justification—she could have rearranged her meeting with new counsel or notified
19 Defendants sooner.  At the hearing, in a last ditch effort to explain her failure to attend the
20 deposition, Plaintiff argued that Defendants should have known that "anything" could have
21 happened to make her miss her deposition, including a medical emergency.  However, it was not
22 just "anything" that caused Plaintiff to miss her deposition; but rather, it was her conscious
23 decision to schedule a meeting during the noticed deposition.  Plaintiff should pay Defendants'
24 reasonable attorney's fees and costs incurred as a result of that decision.

25        Here, Defendants seek $6,757.88 in attorney's fees and costs attributed to Williams'
26 cancellation.  Defendants cite a billing rate in excess of $350 per hour and claim (1) the non-
27 refundable cost of two hotel rooms at the Marriott in Downtown Oakland ($687.52) for September
28 22, 2016; (2) four hours of attorney time incurred in preparing for Williams' deposition ($1,400);

(3) the costs associated with defense counsel flying to Oakland to meet and confer with Plaintiff regarding a deposition date ($470.36 for airfare and $1,400 for four hours of attorney time); and (4) a portion of the time spent bringing this motion for sanctions ($2,800). Mot. 10; Damron-Hsiao Decl. ¶¶ 31–34, ECF 148-1.  The Court rules on each as follows:

    1.    The Court awards Defendants $687.52 for the non-refundable cost of two hotel rooms at the Marriot in Downtown Oakland for September 22, 2016.  At the hearing, Williams suggested that this expense was unreasonable because Defendants chose counsel that was not local and because Defendants should have ensured their reservations were refundable.  As to the former, a litigant has the right to counsel of their choice, *see Theranos, Inc. v. Fuisz Pharma LLC*, No. 11-cv-5236, 2014 WL 459714, at * 2 (N.D. Cal. Jan. 31, 2014) (acknowledging a client's right to counsel of their choice), and there is no duty to select local counsel to reduce potential costs to the opposing party.  As to the latter, Defendants explained that the reservations were refundable, but the hotel required at least 48 hours' notice.  Accordingly, the Court finds that this expense is reasonable.

    2.    The Court does not award Defendants attorney's fees for the time incurred in preparing for Williams' cancelled deposition because the preparation time was related to the deposition that occurred at a later date.

    3.    As to the $1870.36 requested by Defendants for airfare ($470.36) and four hours of attorney time ($1,400) associated with defense counsel's flight to Oakland for the in-person meeting and the meeting itself, the Court awards Defendants $235.18—half of the cost of the airfare—and $350 for one hour of attorney time out of the requested four hours.  The Court awards only a portion of the amount requested because the parties discussed more than the deposition at the meeting.  *See* Ex. Q to Mot., ECF 148-1.  Regardless of the success of discussion on those other matters, fees and costs are not appropriately awarded for efforts other than the failed deposition here at issue.[2]

---

[2] The Court finds that Defendants' request for fees at a rate of $350 per hour is reasonable and entirely consistent with hourly rates charged in this district by attorneys of similar skill and experience.  Moreover, Williams does not object to the rate requested.

4.  The Court awards Defendants $1,400 for four hours of attorney time spent bringing this motion for sanctions. Although the motion was necessary to secure a deposition date, the Court awards only a portion of the amount requested because the Court is only granting the motion in part.

## IV.  ORDER

Accordingly, the Court GRANTS IN PART Defendants' motion for sanctions of attorney's fees and costs and ORDERS Plaintiff Pamela Williams to pay $2,672.70 to Defendants as a sanction for failing to advise Defendants in a timely manner that she could not attend the September 23, 2016, deposition. Williams shall submit payment to Defendants' counsel within 30 days. The Court DENIES Defendants' motion for terminating sanctions.

**IT IS SO ORDERED.**

Dated: November 22, 2016

_____
BETH LABSON FREEMAN
United States District Judge