UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PAMELA WILLIAMS,<br>　　　　Plaintiff,<br>　　v.<br>GYRUS ACMI, LP, et al.,<br>　　　　Defendants. | Case No. 14-cv-00805-BLF<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO CHANGE TIME TO DISCLOSE EXPERTS AND PROVIDE REPORTS**<br><br>[Re: ECF 187] |

Now before the Court is Defendants' Gyrus ACMI, LP and Olympus Corporation of the Americas (collectively, "Defendants") motion to change time to disclose experts and provide reports. Mot., ECF 187. For the reasons set forth herein, Defendants' motion is GRANTED.

Defendants seek to extend expert discovery from November 11, 2016, until December 19, 2016, to provide their experts sufficient time to prepare their reports. *Id.* at 1. Defendants intend to utilize two experts at trial—an economic damages expert and a psychological expert. *Id.* at 1. Defendants aver that Plaintiff prevented them from conducting the necessary discovery to aid in the preparation of these expert reports. *Id.* Williams opposes Defendants request, claiming that to grant Defendants' motion would cause her prejudice "because Defendant[s'] refused Plaintiff's request to extend discovery time" for her.[1] Opp'n 1, ECF 194. Williams also argues that Defendants "took Plaintiff's [d]eposition for five consecutive days, which Plaintiff believes was an abuse of due process," and that Defendants' conduct violated other various discovery orders and rules. *Id.* at 2. The Court declines to address this argument because it is not relevant to the applicable standard. *Id.* at 1.

---

[1] The Court will consider Williams' opposition despite it being filed after the previously extended deadline of 4:00 p.m. on November 17, 2016. *See generally* Opp'n (filed November 18, 2016).

Under Rule 16, scheduling orders "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Pretrial scheduling orders may be modified if the dates scheduled "cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). The focus of the good cause inquiry is "on the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end." *Id.* "[C]entering the good cause analysis on the moving party's diligence prevents parties from profiting from carelessness, unreasonability, or gamesmanship, while also not punishing parties for circumstances outside their control." *In re Cathode Ray Tube (CRT) Antitrust Litig.*, No. C-07-5944, 2014 WL 4954634, at *2 (N.D. Cal. Oct. 1, 2014) (citing *Orozco v. Midland Credit Mgmt. Inc.*, No. 12-cv-02585, 2013 WL 3941318, at *3 (E.D. Cal. July 30, 2013)).

Defendants seek to extend the expert disclosure and expert report deadline as to two experts, a psychological expert and an economic damages expert. The Court addresses each in turn below.

Counsel for Defendants initially contacted Williams regarding a mental exam[2] on September 29, 2016—one and a half-months before the close of expert discovery. Damron-Hsiao Decl. ¶ 4, ECF 187-1; Ex. A to Mot., ECF 187-1. Williams failed to respond. Damron-Hsiao Decl. ¶ 4. Defendants sent Williams a second letter regarding a mental exam on October 7, 2016. *Id.* ¶ 5; Ex. B to Mot., ECF 187-1. Williams did not respond to this letter either. On October 14, 2016, the parties scheduled an in-person meet and confer. The parties intended to discuss Plaintiff's mental exam, but Plaintiff did not attend the meeting. Damron-Hsiao Decl. ¶ 6. After the October 24, 2016, case management conference, the Court ordered the parties to meet and confer regarding the mental exam while in the courtroom. Mot. 3. Defendants again informed Plaintiff of the need to complete the exam well before the November 11, 2016, expert disclosure and expert report deadline, and Plaintiff assured Defendants that she would provide them with two

---

[2] Williams' mental condition is "in controversy," because she has stated a claim for intentional infliction of emotional distress. *See* Fed. R. Civ. P. 35(a), (b); *Lytel v. Simpson*, No. C 05-1937, 2006 WL 2053516 (N.D. Cal. July 21, 2006).

suitable dates. Damron-Hsiao Decl. ¶ 7. Williams did not provide Defendants' counsel with any such dates. *Id.* Defendants then sent Williams another letter, highlighting her failure to provide suitable dates as agreed. Ex. C to Mot., ECF 187-1. Williams responded that she was available on November 11, 2016, the day of the expert disclosure and expert report cut-off. Ex. D to Mot., ECF 187-1.

Defendants also engaged an economic expert to assess Williams' claim for lost wages and future economic damages. Mot. 4. Defendants' expert needs to review Plaintiff's deposition testimony in order to opine on her alleged economic damages. Damron-Hsiao Decl. ¶¶ 11–12. However, as detailed in this Court's order regarding monetary sanctions, Plaintiff refused to sit for her deposition until November 3, 2016, after she was ordered to do so by the Court. *See* ECF 197. Additionally, Defendants claim that Plaintiff has not responded to Defendants' discovery requests addressing her economic damages. Damron-Hsiao Decl. ¶ 12. Williams does not dispute this assertion, and Defendants have filed multiple Discovery Dispute Joint Reports with Magistrate Judge Lloyd related to these requests. *Id.* ¶ 13. These disputes are still pending before Judge Lloyd. *Id.*

Plaintiff offers no excuse for her failure to cooperate, and claims only that she will be prejudiced if the Court grants Defendants' motion "because Defendant[s'] refused Plaintiff's request to extend discovery time."[3] Opp'n 1. This is not what is meant by prejudice, and there is no indication that the trial schedule will be impacted by granting this motion.

On this record, the Court finds that Defendants were diligent in attempting to conduct the discovery necessary to the procurement of these expert reports, and GRANTS Defendants' motion.

**IT IS SO ORDERED.**

Dated: November 22, 2016

_____
BETH LABSON FREEMAN
United States District Judge

---

[3] At a hearing on another motion, the parties informed the Court that they had scheduled Williams' mental exam for December 7, 2016.

3