UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PAMELA WILLIAMS,<br><br>    Plaintiff,<br><br>    v.<br><br>GYRUS ACMI, LP, et al.,<br><br>    Defendants. | Case No.  5:14-cv-00805 HRL<br><br>**ORDER RE DISCOVERY DISPUTE REPORT NO. 2**<br><br>Re:  Dkt. 158 |

In Discovery Dispute Report No. 2, defendants seek an order compelling plaintiff Pamela Williams to produce documents responsive to their Requests for Production 77-81, 83-84, and 86-87. (Dkt. 158-1, Ex. A at 27-28). These requests ask for documents pertaining to plaintiff's claim for damages. Defendants state that they attempted to obtain plaintiff's position to be included in a joint discovery dispute report (as required by the undersigned's Standing Order re Civil Discovery Disputes), to no avail. This court grants defendants' request for discovery as follows:

There is no dispute as to the relevance or reasonableness of the discovery sought. In response to each of the requests at issue, plaintiff agreed to produce "any and all responsive documents that she can locate after diligent search and reasonable inquiry, other than any documents protected by legally recognized privilege." (Dkt. 158-1, Ex. C at 47-48). She then supplemented her Fed. R. Civ. P. 26 initial disclosures to state, among other things, that as of February 2016 she has lost wages totaling $832,133.12, lost benefits amounting to $212,500, and

that she has mitigated damages. (Dkt. 158-1, Ex. B at 32-36). This court is told that she eventually produced some documents and then supplemented her discovery responses to state that she had produced all non-privileged documents in her possession, custody, or control. (Dkt. 158-1, Ex. K at 86-87).

However, defendants say that plaintiff's assertions as to the completeness of her production are not borne out by the documents. They contend that her document production is deficient because it contains many (unexplained) redactions. Additionally, defendants claim that the documents are missing pages and attachments. They state that tax records she produced do not support the $77,600 plaintiff claims to have earned as of February 27, 2016. Defendants further contend that plaintiff has refused to allow the inspection and copying of information she used to compute the alleged damages set out in her Supplemental Disclosures---even though Fed. R. Civ. P. 26(a)(1)(A)(iii) provides that plaintiff must provide such discovery to defendants without waiting for a formal document request.

On this record, this court can find no reason why plaintiff should not be compelled to provide this discovery. Accordingly, no later than December 9, 2016, plaintiff shall:

- produce all non-privileged documents responsive to defendants' Document Requests 77-81, 83-84, and 86-87; and
- supplement her responses to Document Requests 77-81, 83-84, and 86-87 to state (1) whether or not she has withheld any responsive documents or information (including through redactions); and (2) if so, on what basis. Plaintiff is advised that information generally may not be withheld or redacted, except to protect information covered by a legally recognized privilege, such as the attorney-client privilege.

SO ORDERED.

Dated:  November 30, 2016

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

2

5:14-cv-00805-BLF Notice has been electronically mailed to:

Glenn Lansing Briggs    gbriggs@kadingbriggs.com, vbeechler@kadingbriggs.com

Kymberleigh Damron-Hsiao    kdh@kadingbriggs.com, mrogers@kadingbriggs.com, smohammadi@kadingbriggs.com, vbeechler@kadingbriggs.com

Pamela Williams    Pam.Williams1001@gmail.com

5:14-cv-00805-BLF Notice to be mailed to:

Pamela Williams
909 Marina Village Parkway, #292
Alameda, CA 94501