UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PAMELA WILLIAMS,<br><br>    Plaintiff,<br><br>v.<br><br>GYRUS ACMI, LP, et al.,<br><br>    Defendants. | Case No. 5:14-cv-00805 BLF (HRL)<br><br>**ORDER RE DISCOVERY DISPUTE REPORT NO. 4**<br><br>Re: Dkt. 161 |

In Discovery Dispute Report 4, defendant Gyrus ACMI, LP (GALP) seeks an order requiring plaintiff Pamela Williams to respond to its second set of document requests and third set of interrogatories without objection. GALP also points out that plaintiff failed to timely respond to its related second set of requests for admission (RFAs). But, defendant does not seek an order compelling plaintiff to respond to those RFAs because defendant contends that the matters stated in those RFAs have been deemed admitted.

As has become the practice in this case, Discovery Dispute Report 4 was unilaterally filed by defendant, followed by a separate opposition from plaintiff, despite the undersigned's Standing Order re Civil Discovery Disputes requiring a joint discovery report. Defendant says that it was not for lack of trying. GALP points out that it scheduled the requisite in-person meet-and-confer for October 19, 10:30 a.m. at the Hilton San Francisco Union Square Hotel, 333 O'Farrell Street in San Francisco---a date, time, and place agreed to by plaintiff. Defense counsel says she flew to

San Francisco, stayed overnight, and waited at the appointed time and place for an hour, but plaintiff never showed. Plaintiff does not dispute defendant's version of events.

With respect to the document requests and interrogatories at issue: Defendant says that it personally served these requests on September 2, 2016, but that plaintiff did not respond by the October 3, 2016 deadline. Defendant also states that plaintiff ignored subsequent October 10, 2016 meet-and-confer correspondence re her failure to respond to the document requests and interrogatories. Thereafter, says defendant, came the failed attempt to meet-and-confer with plaintiff in person on October 19, 2016. It also says that plaintiff refused an offer to include her position statement in a joint discovery report. The instant unilaterally-filed discovery report followed on October 21, 2016, the last day to file such discovery disputes with the court.

If a party fails to timely respond to discovery requests, any objections she might have asserted are waived. See Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir. 1992) ("It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection."); see also Fed. R. Civ. P. 33(b)(4) ("The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure.").

In her opposition papers, filed on October 31, 2016, plaintiff states that she "has complied with all of the discovery requests from Defendants." (Dkt. 176). That cursory assertion, however, says nothing about whether plaintiff, in fact, timely responded to the document requests and interrogatories in question. Nor does it aid this court's analysis in determining whether there is good cause to excuse the failure to timely respond. Plaintiff otherwise argues that defendants failed to cooperate in the preparation of a joint case management statement prior to a conference before Judge Freeman. She also complains that defendants have not returned documents that she says are privileged. This court declines to address these latter two arguments because they are irrelevant to the matters at hand in the present discovery dispute report.

This court nevertheless may, on its own, limit discovery if, among other things, the discovery is outside the scope permitted by Fed. R. Civ. P. 26(b)(1). See Fed. R. Civ. P. (b)(2)(C)(iii). Here, defendant's request for discovery in response to Interrogatory 19 is denied.

That interrogatory, which seeks the identity (name, address, and age) of plaintiff's daughter, is seemingly outside the scope of discovery permitted under Fed. R. Civ. P. 26(b)(1).

Additionally, defendant having correctly taken the position that the matters in the related *second* set of RFAs are deemed admitted, see Fed. R. Civ. P. 36(a)(3), this court sees no need to require plaintiff to answer Interrogatory 17 as pertains to GALP's *second* set of RFAs. Interrogatory 17 seems to require an answer only if the related RFAs are "not unqualifiedly admitted." (Dkt. 161-1, Ex. C at 27).  Plaintiff nevertheless must answer Interrogatory 17 insofar as that interrogatory asks about her responses to GALP's *first* set of RFAs.

Accordingly, GALP's request for an order compelling plaintiff to produce documents and answer interrogatories is GRANTED IN PART AND DENIED IN PART AS FOLLOWS:

- Plaintiff shall answer Interrogatory 17 as pertains to her responses to GALP's *first* set of RFAs.  GALP's request to compel an answer to Interrogatory 17 as pertains to its *second* set of RFAs is denied as moot.
- GALP's request to compel an answer to Interrogatory 19 is denied.
- Except as otherwise set out above, plaintiff shall serve (1) all documents responsive to GALP's second set of document requests and (2) complete answers to GALP's third set of interrogatories no later than **December 9, 2016**.

SO ORDERED.

Dated:   December 1, 2016

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

5:14-cv-00805-BLF Notice has been electronically mailed to:

Glenn Lansing Briggs     gbriggs@kadingbriggs.com, vbeechler@kadingbriggs.com

Kymberleigh Damron-Hsiao     kdh@kadingbriggs.com, mrogers@kadingbriggs.com, smohammadi@kadingbriggs.com, vbeechler@kadingbriggs.com

Pamela Williams     Pam.Williams1001@gmail.com

5:14-cv-00805-BLF Notice sent by U.S. Mail to:

Pamela Williams
909 Marina Village Parkway #292
Alameda, CA 94501