UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PAMELA WILLIAMS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>GYRUS ACMI, LP, et al.,<br><br>　　　　Defendants. | Case No. 5:14-cv-00805 BLF (HRL)<br><br>**ORDER RE PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF OFFER OF EMPLOYMENT LETTER**<br><br>Re: Dkt. 178 |

　　　　On October 31, 2016, plaintiff filed an "Administrative Motion," seeking an order compelling defendant Gyrus ACMI LP (GALP) to produce a "copy of the offer of employment from [GALP] to plaintiff." (Dkt. 179 at 5, Request for Production No. 3). Plaintiff says that she received a document in response to that request, but notes that the offer is from "Gyrus North American Sales," and not from GALP.

　　　　Defendants GALP and Olympus Corporation of the Americas (Olympus) oppose the present motion on procedural and substantive grounds. Turning first to the procedural issues: Although plaintiff titled her document as an "Administrative Motion," it is clear enough from the text of the motion that she intended for it to be a motion to compel discovery. Even so, defendants correctly note that plaintiff's motion was not brought in compliance with the undersigned's Standing Order re Civil Discovery Disputes. (Indeed, on a prior unilateral discovery motion plaintiff filed, this court advised her of the need to comply with that Standing Order, see Dkt.

139.) The bigger procedural problem for plaintiff, however, is that the present discovery motion was filed ten days too late. Under the court's Civil Local Rules and this court's Standing Order re Civil Discovery Disputes, all fact discovery disputes should have been filed no later than seven days after the October 14, 2016 close of fact discovery---that is, by October 21, 2016. Civ. L.R. 37-3; Standing Order re Civil Discovery Disputes, Section D. The fact that plaintiff is proceeding pro se does not excuse her from complying with rules that all litigants are obliged to follow. Plaintiff states that at an October 24, 2016 case management conference, Judge Freeman advised her to file a motion to compel this discovery. The transcript of that proceeding, however, indicates that Judge Freeman told plaintiff that any discovery motions brought before this court must be timely filed.

As for the substance of plaintiff's request for discovery, defendants maintain that no offer letter from GALP exists. They state that Gyrus North American Sales is a GALP predecessor and that the offer letter that was produced to plaintiff is the only offer letter of employment in GALP's or Olympus' possession, custody, or control. (Dkt. 182 at 2; Dkt. 182-1, Damron-Hsiao Decl. ¶¶ 3-4). Additionally, defendants state that the produced letter is the only one in plaintiff's personnel file, which they say she has had since 2012. (Dkt. 179 at 4; Dkt. 182 at 4).

This court cannot compel defendants to produce what does not exist. See generally Alexander v. Federal Bureau of Investigation, 194 F.R.D. 305, 310 (D.D.C. 2000) (stating that "Rule 34 only requires a party to produce documents that are already in existence."). On the record presented, plaintiff's request for such an order therefore is denied.

Nevertheless, the court will require GALP to serve plaintiff with a supplemental response to her Request for Production No. 3. That request apparently was served on both defendants. For reasons which are unclear to this court, Olympus responded that it would "produce a copy of the original offer letter to Plaintiff from Gyrus dated April 20, 2004." (Dkt. 182-1, Damron-Hsiao Decl. ¶ 3). However, GALP (i.e., the party specified in the document request) did not provide a substantive response to Request for Production No. 3 and instead simply objected to it on the ground that it was duplicative of the request served on Olympus. (Id.). Objections to requests for production must state whether any responsive materials are being withheld on the basis of that

objection. Fed. R. Civ. P. 34(b)(2)(C). Accordingly, GALP will be required to serve a supplemental response to plaintiff's Request for Production No. 3 stating whether it has conducted a diligent search and reasonable inquiry to locate the requested item. Additionally, insofar as GALP now represents to the court that it cannot comply with Request for Production No. 3 because (1) the letter plaintiff seeks does not exist; and (2) the letter that has been produced is the only offer letter in its custody, possession, or control, it shall so certify in its supplemental response. GALP's supplemental response shall be served no later than **December 9, 2016**.

SO ORDERED.

Dated: December 1, 2016

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

3

5:14-cv-00805-BLF Notice has been electronically mailed to:

Glenn Lansing Briggs     gbriggs@kadingbriggs.com, vbeechler@kadingbriggs.com

Kymberleigh Damron-Hsiao     kdh@kadingbriggs.com, mrogers@kadingbriggs.com, smohammadi@kadingbriggs.com, vbeechler@kadingbriggs.com

Pamela Williams     Pam.Williams1001@gmail.com

5:14-cv-00805-BLF Notice sent by U.S. Mail to:

Pamela Williams
909 Marina Village Parkway #292
Alameda, CA 94501