1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

PAMELA WILLIAMS,

                    Plaintiff,

        v.

GYRUS ACMI, LP, et al.,

                    Defendants.

Case No.  5:14-cv-00805 BLF (HRL)

**ORDER RE PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF PERSONNEL FILE AND RETURN OF PRIVILEGED DOCUMENTS**

Re:  Dkt. 173

On October 31, 2016, plaintiff filed an "Administrative Motion," seeking an order compelling defendants to produce a complete copy of her personnel file and to return documents that she claims are privileged.  Defendants oppose the motion.  For the reasons to be discussed, plaintiff's motion is denied.

Plaintiff's motion is procedurally defective.  Although plaintiff titled her document as an "Administrative Motion," it is clear enough from the text of the motion that she intended for it to be a motion to compel discovery.  Even so, defendants correctly note that plaintiff's motion was not brought in compliance with the undersigned's Standing Order re Civil Discovery Disputes. (Indeed, on a prior unilateral discovery motion plaintiff filed, this court advised her of the need to comply with that Standing Order, see Dkt. 139.)  The bigger procedural problem for plaintiff, however, is that the present discovery motion was filed ten days too late.  Under the court's Civil Local Rules and this court's Standing Order re Civil Discovery Disputes, all fact discovery

disputes should have been filed no later than seven days after the October 14, 2016 close of fact discovery---that is, by October 21, 2016.  Civ. L.R. 37-3; Standing Order re Civil Discovery Disputes, Section D.  The fact that plaintiff is proceeding pro se does not excuse her from complying with rules that all litigants are obliged to follow.

With respect to the merits of plaintiff's request for production of her personnel file, she says that sometime around October 14, 2016, defendants produced documents that she previously had not received when she obtained a copy of her personnel file in 2012.  So, several days later, she asked for a complete copy of her file.  Putting aside that plaintiff never served a formal document request, defendants state that plaintiff has already received two complete copies of her personnel file:   once on February 15, 2012, and then again on October 7, 2013.  (Dkt. 183-1, Damron-Hsiao Decl., ¶¶ 2-4).  They maintain that her personnel file remains exactly the same today as it was then.  (Id. ¶ 4).  Notwithstanding plaintiff's assertion that defendants' recent production included other documents that she believes should be part of her personnel file, defendants state that those documents were never part of her file and were simply produced in response to other discovery requests.  (Id. ¶ 7).  On this record, this court finds no basis to conclude that plaintiff has not received complete copies of her personnel file, and her request for an order compelling production of the same is denied.

As for plaintiff's request for the return of documents she claims are privileged, it is plaintiff's job to review her production and advise defendants if she contends that any documents are privileged.  Plaintiff's demands for defendants to return her entire document production are unreasonable.  Defendants apparently did plaintiff the courtesy of notifying her that potentially privileged documents may have been produced inadvertently.  The burden then fell to plaintiff to review her production and advise if any privileged materials were produced and whether any such production was done intentionally.  The record presented demonstrates that she has not done so.  Nor has plaintiff identified in her motion what documents she says are privileged, much less the bases for any claimed privilege.  Plaintiff's motion for an order compelling the return of alleged

United States District Court
Northern District of California

1   privileged documents is denied.

2          SO ORDERED.

3   Dated:   December 2, 2016

4          _____

5          HOWARD R. LLOYD
           UNITED STATES MAGISTRATE JUDGE

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

5:14-cv-00805-BLF Notice has been electronically mailed to:

Glenn Lansing Briggs      gbriggs@kadingbriggs.com, vbeechler@kadingbriggs.com

Kymberleigh Damron-Hsiao      kdh@kadingbriggs.com, mrogers@kadingbriggs.com, smohammadi@kadingbriggs.com, vbeechler@kadingbriggs.com

Pamela Williams      Pam.Williams1001@gmail.com

5:14-cv-00805-BLF Notice sent by U.S. Mail to:

Pamela Williams
909 Marina Village Parkway #292
Alameda, CA 94501