UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PAMELA WILLIAMS,<br><br>        Plaintiff,<br><br>   v.<br><br>GYRUS ACMI, LP, et al.,<br><br>        Defendants. | Case No. 14-cv-00805-BLF<br><br>**ORDER DENYING LEAVE TO FILE MOTION FOR RECONSIDERATION**<br><br>[Re: ECF 231] |

On November 22, 2016, the Court granted in part Defendants' Gyrus ACMI, LP ("Gyrus") and Olympus Corporation of the Americas ("Olympus") (collectively, "Defendants") motion for monetary sanctions for the failure of Plaintiff Pamela Williams to appear for her deposition, and ordered Ms. Williams to pay Defendants $2,672.70. Order Granting in Part & Denying in Part Defs.' Mot. for Terminating & Monetary Sanctions ("Order"), ECF 197. The Court denied Defendants' motion for terminating sanctions because the Court had not previously sanctioned Plaintiff for discovery violations and because there was no evidence that Ms. Williams otherwise obstructed discovery. *Id.* at 4. Further, because Ms. Williams did appear for her deposition after the Court ordered her to do so, the Court found terminating sanctions "especially unjustified." *Id.*

Now before the Court is Plaintiff's request for reconsideration of the Court's order. Mot., ECF 231. Civil Local Rule 7-9 provides that "[b]efore the entry of a judgment adjudicating all of the claims and the rights and liabilities of all the parties in a case, any party may make a motion before a Judge requesting that the Judge grant the party leave to file a motion for reconsideration of any interlocutory order . . . . No party may notice a motion for reconsideration without first obtaining leave of Court to file the motion." Civ. L.R. 7-9(a). In light of her *pro se* status, the Court construes Williams' request as a motion for leave to file a motion for reconsideration *and*

the motion for reconsideration itself. In this order, the Court addresses only the motion for leave to file a motion for reconsideration, which it DENIES.

A motion for reconsideration may be made on three grounds: (1) a material difference in fact or law exists from that which was presented to the court, which, in the exercise of reasonable diligence, the moving party did not know at the time of the order for which reconsideration is sought; (2) the emergence of new material facts or a change of law; or (3) a manifest failure by the court to consider material facts or dispositive legal arguments. Civ. L.R. 7-9(b). The moving party may not reargue any written or oral argument previously asserted to the court. Civ. L.R. 7-9(c). In her motion, Williams makes nine arguments, none of which constitute grounds on which a motion for reconsideration may be made.

First, citing *Toth v. Trans World Airlines, Inc.*, 862 F.2d 1381 (9th Cir. 1988), Williams argues that the expenses are not recoverable unless they resulted from failure to obey a court order. Mot. 2. However, this is an inaccurate characterization of *Toth*, which addressed only an award of sanctions pursuant to Federal Rules of Civil Procedure 11 and 37(b)(2). 862 F.2d at 1385–85. In contrast, this Court invoked Fed. R. Civ. P. 37(d) when it granted Defendants' sanction motion. Order 3; Fed. R. Civ. P. 37(d)(1)(A)(i) (authorizing court to award sanctions if a party, after properly being served with notice, fails to appear for his or her deposition). Accordingly, Plaintiff has not shown the existence of a material difference in law from that which was presented to the Court, a change of law, or a manifest failure by the Court to consider dispositive legal arguments.

Williams also raises issues and facts that could have been raised in her opposition to Defendant's motion for sanctions or at the hearing, but were not: (1) Plaintiff had less than one hour to prepare her opposition[1]; (2) Plaintiff believes the sole purpose of the motion for monetary sanctions was to intimidate Plaintiff and put pressure on her; (3) Plaintiff believes it is bad faith to require her to pay a Defendant—Gyrus ACMI, L.P.—that she believes does not exist; (4) Defendants "continue[ ] to create an atmosphere of hostility by yelling at Plaintiff"; and (5)

---

[1] The Court notes that Defendants filed and properly served their motion through overnight mail on October 7, 2016. ECF 148. Plaintiff had until October 24, 2016 to respond to the motion.

Plaintiff never agreed to attend an in-person meeting. *See* Mot. 2–4.

Additionally, Williams raises issues that were already argued. First, Williams contends that she should not have to pay for the deposition preparation time because her deposition was ultimately taken.[2] *Id.* at 4. Second, Plaintiff argues that Defendants did not have to incur the travel expenses, and could have appeared telephonically. These issues were raised in her opposition to Defendant's motion or at the hearing, and are thus not grounds for granting leave to file a motion for reconsideration.

Finally, Plaintiff argues that she "confirmed with the Hotel Manager at the Marriott, Oakland that hotel reservations are fully refundable if they are canceled within 24 hours." Mot. 4; Williams Decl. ¶ 12, ECF 232. Even assuming this fact, Plaintiff does not contend or submit evidence showing that she cancelled her deposition within this time frame. Moreover, in a declaration submitted in support of Defendants' sanctions motion, defense counsel declared that Plaintiff cancelled her deposition "the day [they] were supposed to check into a hotel in Oakland for the deposition." Damron-Hsiao Decl. ¶ 33, ECF 148-1. Thus, even considering the alleged new fact would not change that Defendants cancelled their hotel less than 24 hours before they were to check into the hotel, and thus would not be entitled to a refund under the stated policy. Therefore, the fact is not material.

Accordingly, Plaintiff is DENIED leave to file a motion for reconsideration of the Court's order for monetary sanctions.

**IT IS SO ORDERED.**

Dated: January 6, 2017

_____
BETH LABSON FREEMAN
United States District Judge

---

[2] The Court did not award attorney's fees for the time incurred in preparing Williams' cancelled deposition for this reason. *See* Order 5.

3