UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

|  |  |
|---|---|
| PAMELA WILLIAMS,<br>Plaintiff,<br>v.<br>GYRUS ACMI, LP, et al.,<br>Defendants. | Case No. 14-cv-00805-BLF<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO HAVE THE COURT REMEDY THE PREJUDICE CAUSED TO PLAINTIFF DUE TO THE CLERK'S OFFICE NEGLIGENCE**<br><br>[Re: ECF 253] |

On April 28, 2017, Plaintiff Pamela Williams filed a "motion to have the court remedy the prejudice caused to plaintiff due to the clerk's office negligence." Mot., ECF 253. Prior to filing this motion, Ms. Williams also filed a notice of appeal to the Ninth Circuit. ECF 243.

Generally, "[t]he filing of a notice of appeal divests the district court of jurisdiction." *Gould v. Mut. Life Ins. Co. of N.Y.*, 790 F.2d 769, 772 (9th Cir. 1986). However, as it concerns the post-trial motions listed in FRAP 4(a)(4)(A), "the pendency of an appeal does not affect the district court's power to grant . . . relief." *Stone v. INS*, 514 U.S. 386, 401 (1995). These types of post-trial motions "render the underlying judgment nonfinal both when filed before an appeal is taken (thus tolling the time for taking an appeal), and when filed after the notice of appeal (thus divesting the appellate court of jurisdiction)." *Id.* at 402–03; *see* Order from the Ninth Circuit, *Broussard v. Charvat*, No. 5:13-cv-04878-LHK, ECF 28, at 2 (holding that the district court retained jurisdiction even though a notice of appeal was filed before the post-trial motion).

Federal Rule of Appellate Procedure 4(a)(4)(A) lists six motions: a motion for judgment, pursuant to Fed. R. Civ. P. 50(b); a motion to amend or make additional factual findings, pursuant to Fed. R. Civ. P. 52(b); a motion for attorney's fees, pursuant to Fed. R. Civ. P. 54; a motion to alter or amend the judgment, pursuant to Fed. R. Civ. P. 59(e); a motion for new trial, pursuant to Fed. R. Civ. P. 59(a); and a motion for relief, pursuant to Fed. R. Civ. P. 60. Here, the only

potentially applicable motions are a motion to amend or make additional factual findings, a motion to alter or amend the judgment, and a motion for relief from a final judgment.

Williams contends that contrary to the Court's finding, she did submit a declaration with her opposition to Defendants' motions for summary judgment, which "would have provided this court with the facts that would have resulted in a denial of the summary judgment motion[s]." *See* Mot. 2; *see also* Order Granting Defendants' Motions for Summary Judgment ("Summary Judgment Order") 2 n.4, 18 n.13, ECF 237. Liberally construed, Plaintiff appears to be asking for reconsideration pursuant to Fed. R. Civ. P. 52(b), 59(e), or 60.

However, because any such motions would be untimely, the Court DENIES Williams' motion. First, Plaintiff's motion was filed more than 28 days from the entry of judgment, and is therefore untimely pursuant to Fed. R. Civ. P. 52(b) and 59(e). *See* ECF 238 (judgment entered February 3, 2017). Second, to the extent Williams is seeking relief pursuant to Rule 60, the Court cannot conclude that she filed her motion in a reasonable time given Williams' ample notice that the Court did not have in its possession the declaration of which she speaks. Fed. R. Civ. P. 60(c) (requiring that a motion under Rule 60(b) be made within a "reasonable time").

"What constitutes 'reasonable time' depends upon the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to other parties." *Lemoge v. United States*, 587 F.3d 1188, 1196–97 (9th Cir. 2009) (citation and quotation marks omitted). Here, the second and third factors weigh heavily in favor of finding that Williams did not make this motion, to the extent it may be construed as a motion under Rule 60(b), "within a reasonable time." First, Williams does not explain why she did not bring this motion or point out the Court's alleged "negligence" at an earlier date. Second, Williams first learned that the undersigned did not possess a substantive declaration from her during the hearing on Defendants' motions for summary judgment more than four months before she filed the instant motion. Indeed, during the January 5, 2017, hearing, the Court noted several times that it had not received any substantive declaration from Ms. Williams. The Court also asked Ms. Williams where it could find her version of the facts in the record. Nevertheless, Williams could not direct the Court to any

2

evidence in the record. The Court cites the following exchange as an example:

> Ms. Williams: The Defendants relied on three customers that they claim were customers of Olympus or Gyrus. These were not customers of Olympus or Gyrus, nor had I made any sales presentations to the three surgeons who allegedly complained against me. They were not my customers . . . .
>
> The Court: I don't remember seeing any evidence on that in your papers. I can't consider argument now, so if you can point that out to me - - I read this, but I always want to know if I've missed something. And so if you can show me a declaration that you've submitted with those facts, I would be glad to consider it.
>
> Ms. Williams: Okay. In the - - well, Your Honor, on my objections, I stated that I objected to the - - to the declarations of the customers as hearsay. They were not verified. Because, again, I didn't believe that these customers would actually make any comments or statements about me or my performance when they had no point of reference because I never presented any products - - I never made any appointments with these customers to present any products. . . . .

Hr'g Tr. 7:17–8:12, ECF 235. Later during the hearing, the Court explicitly stated "I didn't get a declaration from you, except to indicate - - to submit the documents. So I don't have this evidence." *Id.* at 24:13–15; *see also id.* at 24:22–25 ("[Y]ou're giving me facts that needed to be in a declaration of yours, and I didn't get that declaration. So I'm not going to hear anything more on additional facts because I can't consider them."). Ms. Williams acknowledged that the Court had no such declaration. *Id.* at 24:16 (responding "[r]ight" to the Court's comments).

Ms. Williams was again alerted of the fact that the undersigned had not received a declaration laying out her version of the facts in the Court's ruling on Defendants' summary judgment motions, as Ms. Williams emphasizes in the present motion. Mot. 2; *see* Summary Judgment Order 2 n.4 ("In her opposition, Plaintiff argues that the decision to split the territory was racially motivated and that Caucasian Territory Managers with territories the same size or larger were not split. Ms. Williams, however, provides no evidence to support this argument, and she did not provide a declaration stating the facts despite the instructions on the *pro* se form to submit a declaration with the facts along with the motion." (citations omitted)); *id.* at 18 n.13 ("At the hearing, Williams argued that the three customers were not customers of Olympus or Gyrus and the three surgeons who complained about her were not her customers. However, Williams provides no evidence of this, nor did she submit a declaration laying out her version of the facts as

3

instructed to do by the *pro se* form." (citations omitted)).

Despite this knowledge, Ms. Williams did not file the instant motion until more than four months after the hearing and three months after the Court issued its ruling and entered judgment. Accordingly, the Court concludes that this motion was not filed within a reasonable time. *See Plotkin v. Pacific Tel. & Tel. Co.*, 688 F.2d 1291, 1293 n.2 (9th Cir. 1982) (agreeing that Rule 60(b) motion did not comply with the reasonable time requirement where the motion was filed 18 days after the expiration of the time for appeal of the order); *Zamora v. Wells Fargo Bank, N.A.*, No. 13-cv-134, 2014 WL 2093763, at *3 (N.D. Cal. May 19, 2014) (finding that an unexplained delay of four months was unreasonable under Rule 60(b)); *McPhatter v. Ryan*, No. CV 11-814, 2013 WL 428280, at *5 (D. Ariz. Feb. 4, 2013) (unexplained delay of four months and five days justified denying Rule 60(b)(1) motion as untimely, as did fact that nothing impeded plaintiff's awareness of the grounds relied upon); *Regan v. Frank*, No. 06-66, 2008 WL 508067, at *3–4 (D. Haw. Feb. 26, 2008) (denial of plaintiff's Rule 60(b)(1) and (6) motion as untimely justified where plaintiff waited over four months to file it, and "provided no reasonable justification for his continued delay"); *Villegas v. City of Colton*, No. 09-cv-644, 2011 WL 3568270, at *2–3 (C.D. Cal. Aug. 9, 2011) (Rule 60(b)(1) motion found untimely where the five-month delay in filing motion was unexplained, and court found plaintiff's reasons for failure to file opposition to motion for summary judgment insufficient).

For the foregoing reasons, the Court DENIES Plaintiff's motion.

**IT IS SO ORDERED.**

Dated: May 10, 2017

BETH LABSON FREEMAN
United States District Judge

4